JOHN E. JOHNSON, Appellant, v. JAMES F. COOK, Respondent.

Kansas City Court of Appeals, November 3, 1902.

1. **Landlord and Tenant: EXECUTION SALE: EMBLEMENTS: TENANT'S RIGHTS.**  The rights of a tenant who has sown his annual crop, which should mature before the end of his term, are superior to the judgment or execution creditor who had an unforeclosed lien on the land at the time of the sowing.  (Cases considered.)

2. ———: ———: **PURCHASER'S RIGHTS: RENT.**  At a sale under execution against the landlord the purchaser only acquires the landlord's interest; and where the rent was payable in money the purchaser gets no right to the crop.

3. ———: ———: **MORTGAGOR AND MORTGAGEE: EMBLEMENTS.**  The judgment creditor has only a lien on the land of the debtor landlord; the mortgagee has the title to the land of the mortgagor landlord and his rights are superior to those of the tenant, and he takes the growing crop subject to the statute.

Appeal from Caldwell Circuit Court.—*Hon. Elbridge J. Broaddus,* Judge.

AFFIRMED.

*Crosby Johnson & Son* for appellant.

(1) The court will take judicial notice that corn planted in May, 1894, was a growing crop on July 5 of that year. Garth v. Caldwell, 73 Mo. 622; Culverhouse v. Warts, 32 Mo. App. 420; Bliss·on Code. Pleading, arts. 177, 188. (2) Growing crops are regarded as part of the land and pass as part of it on conveyance by the owner, except where the party planting was in for a term before such sale, or where his occupation is adverse to the owner, and he reaps the crop before the owner obtains possession. McIlvain v. Harris, 20 Mo. 458; Davis v. Callahan, 66 Mo. App. 168. (3) After the levy of the execution and notice in November, it was impossible for the Awbreys to dispose of the property so as to give tenants any greater rights than they themselves possessed. Young v. Schofield, 132 Mo. 650. (4) One who enters on land and plants a crop, where the land is charged with a lien, takes the chance of losing the crop if the lien is foreclosed before the crop is detached. Fowler v. Carr. 63 Mo. App. 486; Vogt v. Cunningham, 50 Mo. App. 136; Hayden v. Burkemper, 101 Mo. 644. (5) If Ben Awbrey had any interest in the crop, it was sold and conveyed by the sheriff to Johnson. Slattery v. Jones, 96 Mo. 216; Eneberg v. Carter, 98 Mo. 647. (6) The sheriff's deed is as efficient to pass the title to the growing crop as is a mortgage. Bear v. Bitzer, 55 Am. Dec. 490. (7) Replevin will lie for the recovery of the crop, notwithstanding the purchaser may not yet have acquired the possession of the land. Salmon v. Fewell, 17 Mo. App. 118; Fischer v. Johnson, 139 Mo. 433; Christian v. Smith, 85 Mo. App. 117. "He who sows should reap only provided he has not willfully sown in face of the superior right of another." Fischer v. Johnson, 51 Mo. App. 157.

*J. M. Davis & Sons* and *C. A. Loomis* for respondent.

(1)   A sale by sheriff under execution does not pass the title to crops belonging to a lessee who is in possession of the land under a lease from defendant in the execution, and who has a crop growing thereon. Kesler v. Cornelison, 98 N. C. 383; S. C., 3 S. E. 839; Walton v. Jordon, 65 N. C. 152; Shannon v. Jones, 12 Ired. 206; Page v. Gowler, 39 Cal. 412; Stockwell v. Phelps, 34 N. Y. 364; Bittinger v. Baker, 70 Am. Dec. 154, 29 Pa. St. 66; Stambough v. Yeates, 2 Rawle 164; McKeeby v. Webster (S. C. Pa.), 32 Atl. 1096, 170 Pa. St. 624; Jenkins v. McCoy, 50 Mo. 348; Dollar v. Rodenbery, 25 S. E. 410, 97 Ga. 148; Remick v. Boyd, 99 Pa. St. 555, S. C. 44 Am. Rep. 127; 1 Washburn on Real Property (4 Ed.), p. 128, secs. 21-22; Hecht v. Detman (Iowa), 10 N. W. 241, 56 Iowa 679; Edwards v. Eveler, 84 Mo. App. 405.   (2)   A sheriff's sale of land in possession of the defendant's tenants operates only as an assignment of the lease as far as the landlord's rights to the rents are concerned. Reynolds v. Lathrop, 7 Cal. 43; Herman on Executions, 365; Dollar v. Rodenbery, 25 S. E. 410, 97 Ga. 148; 12 Am. and Eng. Ency. of Law (1 Ed.), 754; Page v. Culver, 55 Mo. App. 610.   A sale under execution of leased premises carries the rent to accrue after the execution of the deed and is payable to the assignee thereof, to-wit, the purchaser at the sheriff's sale.   Stephenson v. Hancock, 72 Mo. 619; Winfrey v. Works, 75 Mo. 55.   (3) Growing annual crops planted by the owner of the soil are a part thereof, but if planted by a tenant they are regarded as personal property independent of and distinct from the land.   Washburn on Real Property (4 Ed.), 9; Hecht v. Detman (Iowa), 10 N. W. 242, 56 Iowa 679; Benjamin on Sales (4 Am. Ed.), 143; Garth v. Caldwell, 72 Mo. 622; Smock v. Smock, 37 Mo. App. 56; Holt v. Holt, 57 Mo. App. 1. c. 276; Shinn on Replevin, 227.   (4)   Replevin will not lie for crops grown by a tenant, on leased premises by the purchaser at an execution sale, for the reason that the lessee holds the land adversely to all parties except his landlord, and replevin will not lie for crops grown on land held ad-

versely. Adams v. McKesson, 53 Pa. St. 81; Stock-
well v. Phelps, 34 N. Y. 364; Brets v. Bahn, 3 Denio 79;
Bittinger v. Baker, 70 Am. Dec. 154; Mather v. Trinity
Church, 3 Serg. and R. 509; 8 Am. Dec. 670; Martin v.
Thompson, 45 Am. Dec. 664; Wells on Replevin, sec.
92; Baker v. Campbell, 32 N. A. 529; Anderson v. Hap-
ler, 34 Ill. 436; s. c., 85 Am. Dec. 318; Brown v. Cald-
well, 10 Serg. and R. 114; s. c., 13 Am. Dec. 660. (5)
The levy of an execution on land only creates a lien
thereon and does not create an interest in the land. Her-
man on Ex., pp. 499 and 500; Barden v. McKinnie, 4
Hawks 279; s. c., 15 Am. Dec. 514; R. S. 1899, sec. 3178;
Dollar v. Roddenbery, 25 S. E. 410, 97 Ga. 148. For
the purpose of passing title of land the deed relates
back to levy but debtor does not lose his rights to con-
trol the land, one of which rights is to rent it, nor does
he lose his control over it previous to the sale. (6)
The sheriff's deed would not convey to plaintiff the in-
terest of the tenant or his title to the crops raised by
him. The remedy of the purchaser as against the ten-
ant in possession is fixed by our statutes. R. S. 1899,
secs. 4136-4137; Page v. Culver, 55 Mo. App. 610. (7)
The tenancy of the tenant having been terminated by
operation of law without his fault, he became a tenant
at will and entitled to his emblements. Bittinger v.
Baker, 29 Pa. St. 66, 70 Am. Dec. 154; Dollar v. Rod-
denbery, 25 S. E. 410, 97 Ga. 148; 1 Washburn on Real
Prop. (4 Ed.), p. 128, secs. 21 and 22.

ELLISON, J.—This is an action of replevin for a
crop of corn. The court gave a peremptory instruc-
tion for defendant and plaintiff has brought the case
here.

The facts necessary to state to understand the point
in judgment are that the Farmers' Bank of Cowgill ob-
tained judgment in the circuit court against Benjamin
and Evaline Awbrey which was duly levied upon the
land of Evaline. After the levy Evaline rented the
land to defendant for cash rent and he took possession
thereof and planted the corn in controversy in April.

The land was sold in July thereafter, while the corn was growing thereon, and plaintiff became the purchaser. He, then, in October following, brought this action of replevin against defendant, claiming that by the purchase of the land he became the owner of the corn.

The trial court was right in declaring the law to be with defendant. If the tenant has planted or sown his annual crop which should mature before the termination of his tenancy, his rights are superior to a judgment or execution creditor who has a lien on the land at the time the crop is sown or planted who has not foreclosed such lien. A judgment debtor may lawfully make an annual lease of his lands, and if during such lease the creditor sells them, the purchaser only gets the interest of the landlord debtor and not the interest of the tenant. This rule is founded in the interest of agriculture. The land ought not to lie idle. A tenant occupying such land can not know what action the coming purchaser may take in reference to his term and unless he has assurance that his crop, or his interest in the crop, can not be taken from him, he will refuse to plant. The law gives him such assurance. So, while the sale will change his landlord and the character of his tenancy, it will not divest him of his emblements. He becomes a tenant at will, or from year to year, as the case may be, to the purchaser, and under the law, founded on good agricultural policy, he must have his away-going crops. Bittinger v. Baker, 29 Pa. St. 66; McReby v. Webster, 170 Pa. St. 624; Dollar v. Roddenbery, 97 Ga. 148; Heavilon v. Farmers' Bank, 81 Ind. 249.

Counsel state that the point has not been decided in this State. Though this be true, there are two or more cases that bear somewhat upon it. In Adams v. Leip, 71 Mo. 597, one who had sown and harvested 1,205 shocks of wheat was held to have the property therein as against the owner of the land. That, too, whether he was a tenant, or trespasser against the owner. And in Edwards v. Eveler, 84 Mo. App. 405, one who had become the tenant of a party who had no

right to let to him, could hold the crop which he planted and gathered as against the true owner.

The tenant does not owe the judgment creditor of his landlord. His crop is the product of his labor, joined with the use of the land. While the purchaser under the creditor's judgment has a right to compensation for the latter, he has no right to forcibly possess himself of the fruits of the former. Therefore, he only gets the landlord's interest by his purchase. Stockwell v. Phelps, 34 N. Y. 363; Page v. Fowler, 39 Cal. 416.

In this case the landlord's rent for use of the land was money. He had no part of the crop and therefore the purchaser took no interest in the crop by his purchase.

We have in this State a line of cases which hold that a sale of the land under a mortgage or deed of trust, given by the landlord, carries the tenant's crop. Reed v. Swan, 133 Mo. 100; Salmon v. Fewell, 17 Mo. App. 118; Hayden v. Burkemper, 101 Mo. 644; Fischer v. Johnson, 51 Mo. App. 157; Vogt v. Cunningham, 50 Mo. App. 136, and authorities cited; Fowler v. Carr, 63 Mo. App. 486. A late statute changed this rule. Sec. 4355, R. S. 1899. But the principle upon which those cases were decided is not applicable to this case. The deed in such cases conveys the legal title out of the landlord while the judgment is a mere lien. He and the tenant know that the mortgagee has the superior right and that he may, by proper procedure, claim the produce of the land to go in liquidation of the debt secured thereby. A sale by foreclosure is but a consummation of what was begun by the mortgage conveyance.

The judgment will be affirmed. *Smith, P. J.* concurs; *Broaddus, J.,* not sitting.