ANGELO PODESTA

*v.*

DAVID W. BINNS et al.

[Decided April 12th, 1905.]

1. The orphans court is a superior court of general jurisdiction, and its judgments and decrees cannot be attacked collaterally.

2. A sale to pay a decedent's debts, made under an order of the orphans court, is a judicial sale.

3. A purchaser at a judicial sale is bound to take such title as an examination of the proceedings will show that he will get; but if he can legally claim that he was misled or deceived by some apparent adjudication by the court, and that it is inequitable to enforce his contract of purchase against him, he is entitled to relief.

4. Where a purchaser, at a judicial sale under an order of the orphans court, appealed to the prerogative court from an order that he complete his purchase, the court of chancery will not assume, in a suit by him for rescission of the sale, that the orphans court did not do right; or, if it was in error, that the prerogative court will not do right.

5. Where, after a judicial sale under order of the orphans court the purchaser was tendered a deed, and an offer was made to pay off mortgages which would vest in the purchaser a fee-simple, he cannot thereafter maintain a suit in chancery to be relieved from his bid.

This is a bill filed by Angelo Podesta, of Hoboken, against David W. Binns, Martha M. Binns and Emma E. Taylor, individually and as executors of the last will and testament of James Binns, deceased, Angelina Bonn, Hillric J. Bonn, Frederick Bonn, Edward Bonn, Anna M. B. Rollfs and John H. Bonn, and John E. Moody as substituted administrator with the will annexed of John H. Bonn, deceased.

The prayer of the bill is that the sale, made under an order of the orphans court of Hudson county by Moody, as substituted administrator of Bonn, deceased, be set aside and declared void, and that the said Moody, administrator as aforesaid, be decreed to return to complainant the $777 earnest money paid by the complainant at the time of the acceptance of his bid.

To this bill answers were filed by the defendants, Binns and Taylor, and by John E. Moody, as substituted administrator, &c., and a cross-bill was filed by said John E. Moody, as administrator as aforesaid.

No answers were filed by the other defendants, and a decree *pro confesso* was taken against them.

Replications were filed by the complainant and an answer to the cross-bill of the administrator.

The case was heard upon the pleadings and proofs taken in open court.

*Messrs. Besson & Spohr,* for the complainant.

*Mr. Leon Abbett,* for the answering defendants.

GARRISON, V. C.

There is practically no dispute with respect to any important question of fact.

The facts are as follows:

John H. Bonn, a resident of Hudson county, died on the 15th day of November, 1891, leaving Angelina Bonn, his widow, and Hillric J. Bonn, Frederick Bonn, Edward Bonn, Anna M. B. Rollfs and John H. Bonn, his children and heirs-at-law, surviving.

By his will, which was duly admitted to probate, he appointed his wife, Angelina Bonn, and his son, Hillric J. Bonn, executors and trustees.

The will of John H. Bonn, after disposing of certain of his property by specific bequests, gave, devised and bequeathed all of his remaining property to his executors and the survivor in trust for certain declared purposes, and authorized and empowered them to grant, bargain, sell and convey any and all of this property as they might deem best, and relieved the purchaser from any liability to see to the application of the purchase-money.

The said John H. Bonn died seized of considerable land in the county of Hudson.

On the 28th of October, 1898, Angelina Bonn and Hillric J. Bonn, executors and trustees as aforesaid, conveyed the lands and premises in question to John H. Bonn, one of the heirs-at-law, a son of the deceased John H. Bonn.

The deed was recorded on the 1st day of November, 1898, the consideration mentioned therein being $5,000.

On the same day Angelina Bonn, widow of the deceased John H. Bonn, released her dower in the said lands to John H. Bonn, son of the deceased, and the deed of release was duly recorded.

On the 31st day of October, 1898, the said John H. Bonn, son of the deceased, executed a mortgage on the said lands and premises to the Hudson Trust and Savings Institution, now called the Hudson Trust Company, to secure the sum of $5,000, which mortgage was duly recorded, is still upon the record and is not paid.

On the 21st day of November, 1898, the said John H. Bonn, son of the deceased, and his wife conveyed the said lands, subject to the above-mentioned mortgage, to Angelina Bonn and Hillric J. Bonn, executors of the last will and testament of John H. Bonn, deceased.

The deed from the executors to the son, the mortgage from the son to the trust company, and the reconveyance of the property from the son to the executors, were done to enable the executors to raise, for the purposes of the estate, the sum of $5,000.

There was no consideration paid by the son to the executors, and the only purpose of the conveyance to him was to enable him to do that which the executors could not do, namely, mortgage the property and raise the $5,000, and when this purpose was accomplished the property was reconveyed to the executors in accordance with the arrangement.

The record title has since that time remained in the condition at which it was when the deed from the son to the executors was recorded.

On the 25th day of February, 1903, the executors of James Binns, deceased, of Brooklyn, N. Y., recovered a judgment in the circuit court of Hudson county for $6,078.90 against An-

gelina Bonn and Hillric J. Bonn, as executors of and trustees under the last will and testament of John H. Bonn, deceased.

Execution was issued upon this judgment and was returned unsatisfied for want of personal estate of the said Bonn, deceased.

On the 23d of March, 1903, the executors of Binns presented a petition to the orphans court of Hudson county in the matter of the estate of John H. Bonn, deceased.

They recited therein the recovery of their judgment; that John H. Bonn, deceased, died seized of certain lands in the county of Hudson, which are set forth and described; that they had, on the 11th of March, 1903, requested the executors of Bonn, deceased, by notice in writing, to take proceedings to obtain a sale of the lands of the deceased, and that said executors of Bonn had neglected and refused to take such proceedings, although more than a month had elapsed since they had been requested to do so, and they prayed that the orphans court should make an order to show cause why the lands of Bonn, deceased, should not be sold to pay the debt due the petitioners.

The orphans court of Hudson county granted the prayer of this petition and made an order to show cause why the land should not be sold to pay the judgment of the executors of Binns, and due notice to all the parties in interest was given as required by the court.

Such proceedings were had thereunder that on the 27th of November, 1903, a final order was made on said petition, in which final order it is recited that the court found that John H. Bonn, deceased, died seized of certain real estate therein described; that title to the said land is still in the heirs-at-law or devisees of said Bonn, or some one or more of them; that the executors of Binns, deceased, obtained a judgment (as before set forth) against the executors of Bonn, and that an execution issued thereon was duly returned unsatisfied for want of personal effects; that the lands and premises of which the decedent died seized were still undisposed of, and that, on the 12th of March, 1903, notice had been duly given to the executors of Bonn to sell said lands to pay said judgment, and that thirty

days had elapsed since the giving of the notice, and that said executors had not taken any steps towards the sale of the same.

It then recites the application of the executors of Binns by petition (as above set forth) ; that due notice of the application had been given of an order to show cause why so much of said land should not be sold as would be sufficient to pay decedent's debts; that testimony was taken upon the return of the order to show cause; that hearing was had; that the whole of the said debt due to the executors of Binns remained unpaid and is due; that the personal estate of Bonn, deceased, was not sufficient to pay his debts; and it was thereupon ordered that said executors and trustees under the will of Bonn, deceased, sell the whole of the described lands whereof Bonn died seized to pay his debts, and report the same to that court for its approval and confirmation.

It was further ordered that the executors give a bond.

The executors of Bonn, deceased, failed to give the bond as required in the said order, and failed to take any steps to carry out the provisions of said order.

Subsequently proper proceedings were taken which resulted in the discharge, by the order of the orphans court, of the executors of Bonn, and the substitution of John E. Moody as administrator with the will annexed.

Proceedings were then taken which resulted in an order of the orphans court of Hudson county, dated January, 1904, directing the substituted administrator to sell the lands of the deceased, and to carry out the order dated November 27th, 1903.

The substituted administrator gave the bond required by the order, and on the 17th day of May, 1904, having first duly advertised the same, as required by law, sold the lands and premises in question to the complainant, Angelo Podesta, he being the highest bidder.

The only provision of the terms of sale which mentions anything about the title is the first—

"The property above mentioned to be sold to the highest bidder, subject, however, to the approval and confirmation of such sale by the Hudson county orphans court."

The complainant bid $7,777 for the premises, and upon the same being struck off to him paid a deposit of $777, as required by the terms of the sale.

On the 23d day of May, 1904, the sale of the premises to the complainant was duly confirmed by the orphans court of Hudson county, and the said substituted administrator was directed to deliver a deed.

After the sale the complainant employed counsel to examine the title, and the facts in relation thereto as above set forth were ascertained by the counsel.

The substituted administrator thereafter filed a petition upon which an order was granted requiring the purchaser to show cause, on the 23d of September, 1903, before the orphans court, why an attachment should not issue against him for contempt on account of his refusal and neglect to complete his purchase. The purchaser appeared by counsel and the hearing was had thereon by the court, and upon the 14th day of October an order was made that the said purchaser complete the said purchase made by him within fourteen days from the date of the service of a copy of the order, and that if he should fail so to do an attachment should issue against him for contempt.

From this order the purchaser has taken an appeal to the prerogative court, where the same is now pending.

From the time of the sale in May down to about the middle of September no move was made on behalf of the administrator of Bonn to compel the purchaser to complete his purchase, because during that period the attorneys for the two parties were in constant negotiations looking to an amicable adjustment.

As a result of numerous conferences and negotiations counsel for the administrator, on the 11th day of August, 1904, tendered to the purchaser deeds from Angelina Bonn and Hillric J. Bonn, executors of John H. Bonn, deceased, from Angelina Bonn, widow, and Hillric J. Bonn, unmarried, from Moody as substituted administrator, and from the widow and each of the heirs-at-law of John H. Bonn, deceased, and the wives and husbands of such of them as were married, the effect of which would be to vest in Podesta the title to the property in question in the same condition in which it was at the death of John

H. Bonn, deceased, saving certain taxes which had accrued and the mortgage of $5,000 due the Hudson Trust Company.

He also tendered himself ready to pay the taxes that had accrued against the property and clear the same from all municipal liens; to pay the costs that had accrued to Podesta in this suit which had been begun on the 15th of June, 1904, and to deposit in the foreclosure suit which had been begun by the Hudson Trust Company on its mortgage $10,500 in cash to be appropriated by the court to the payment of said mortgage.

This sum, which is more than double the amount of the mortgage, was arrived at in some way by the parties or the court in the foreclosure suit.

These offers and tenders on behalf of the administrator, the executors and trustees and the heirs-at-law of Bonn were refused by Podesta, the complainant herein.

At the trial of this suit each of the deeds above described was offered in evidence, and the defendants tendered themselves ready and able to pay off the mortgage of the Hudson Trust Company immediately upon Podesta taking title to the premises in question.

The complainant insists that he is not required to take the said title, and that he is entitled to be relieved from his purchase and to have returned to him the percentage deposited with the administrator.

The defendants insist that the complainant is required to complete his purchase, and that he should be specifically decreed to do so.

It seems to me that whatever embarrassment might have existed in arriving at a determination of the questions involved in this case, if the defendants had stood upon the conditions existing at the time of the sale (in May, 1904) to Podesta, it is quite clear that the complainant has no equity under the now existing conditions.

His insistment is that since the application to sell the lands of the decedent to pay debts was presented at a time after the heirs or devisees of the decedent had aliened the lands descended, there was no jurisdiction in the orphans court to order the sale.

He asserts that the conveyance to John H. Bonn, son of de-

ceased, and the mortgaging by him of the lands, constituted such an alienation as defeated the jurisdiction of the court to sell the said lands under the statute, and that the subsequent reconveyance by the son to the executors and trustees of Bonn, deceased, does not alter the situation.

His insistment and argument proceed upon the theory that the facts now shown demonstrate that at the time the orphans court of Hudson county made its order of sale it was without jurisdiction so to do.

From what has been herein recited of the proceedings in the orphans court it appears that every step therein was regular, and that the judgment of the court decreeing the sale recites all of the facts vesting jurisdiction, and that the petition upon which said order was founded likewise alleges the jurisdictional facts.

The complainant, therefore, encounters the well-settled principle that the judgments and decrees of a court of general jurisdiction may not be attacked collaterally.

It is settled in this state that the orphans court is a superior court of general jurisdiction. *Clark* v. *Costello, 59. N. J. Law (30 Vr.) 236 (Court of Errors and Appeals, 1896).*

A sale to pay decedent's debts, made under an order of the orphans court, is a judicial sale. *11 Am. & Eng. Encycl. L. (2d ed.) 1111;* see cases, *note 5.*

The rule of *caveat emptor* applies to such a sale. *Idem 1137;* see cases, *note 8.*

The rule in New Jersey is that a purchaser at a judicial sale is bound to take such title as an examination of the proceedings will show that he will get; he is bound to examine for himself beforehand to see what title he will obtain by the sale. *Boorum* v. *Tucker, 51 N. J. Eq. (6 Dick.) 135 (at p. 139) (Vice-Chancellor Pitney, 1893);* affirmed in *Court of Errors and Appeals on opinion below, 52 N. J. Eq. (7 Dick.) 587 (1894).*

Under the existing statutes respecting decedent's estates and debts due by decedents, where proceedings are taken within one year after the death of the decedent, the deed made in pursuance of the order of sale vests in the purchaser all the estate

that the testator or intestate was seized of at the time of his or her death, but

"if the said order be not obtained within that time, then the said conveyance shall vest in the purchaser or purchasers all the estate that the heirs or devisees of the testator or intestate were seized of at the time of the making of the said order of the orphans court." *P. L. 1898 p. 749 § 94.*

It would seem, therefore, that in each instance the orphans court is not called upon and does not pass upon the question of how much or what kind of title a conveyance made in pursuance of its order will vest, but that the purchaser takes as the statute prescribed, and assumes the risk of what he will get.

But it has been held with respect to judicial sales that the court, in dealing with the purchaser, will do so upon equitable principles, the same principles, indeed, which govern in all cases of specific performance. *Boorum* v. *Tucker, supra.*

It therefore follows that if the purchaser at the sale in question can legally claim that he was misled or deceived by some apparent adjudication by the court, and that it is inequitable to enforce his contract of purchase against him under the circumstances, that court will relieve him, or the appellate courts will, if that court refuses, see that he obtains justice.

The same principle which establishes the right of the court to compel the purchaser at a judicial sale, by proceedings taken in that cause, to fulfill his purchase, requires the court to investigate the purchase and deal with it upon equitable principles. *McCarter* v. *Finch,* 55 *N. J. Eq.* (*10 Dick.*) *245* (*Vice-Chancellor Pitney, 1897,* reviewing prior cases).

It is developed in this case that the orphans court has refused to relieve the purchaser from his bargain, but it is also developed that the purchaser has taken an appeal to the prerogative court, as he is entitled to do under section 204 of the act of 1898 (*p. 793*).

This court will not assume that the orphans court did not do right, or, if it was wrong, that the prerogative court will not do right.

But the complainant insists that since he cannot obtain com-

plete relief in the orphans court, or upon appeal therefrom, and had filed his bill prior to any proceedings against him to compel him to complete his purchase, and in that bill asked for relief to which he was entitled, namely, a rescission of the sale, this court has jurisdiction and must pronounce a decree.

The defendant Moody, administrator, by filing his cross-bill praying for specific performance, has raised an issue which he claims the right to have decided herein.

It is true that in several instances, where a purchaser at a judicial sale was brought before the court upon an application that he complete his purchase, the courts have refused to compel the purchaser to complete his purchase, and have left the parties to their actions upon the contract of purchase, and that might be the course adopted by the prerogative court in this case.

In that event this purchaser would be entitled to apply to this court for relief, and the substituted administrator would also be entitled by original proceedings asking for specific performance, or by a cross-bill in the event that the purchaser first started his suit.

If my conclusions were adverse to the defendants in this suit, I should hesitate to pronounce them until the appellate court had pronounced its final judgment upon the appeal from the orphans court. But since I reach the conclusion that the complainant is not entitled to relief in this court, and the parties have relieved the situation by a stipulation, I will determine the issue involved in this case.

The parties hereto, to avoid the embarrassment which might arise out of conflict of jurisdiction, have made and filed a stipulation, the effect of which is to stay all other proceedings until the determination by this court of this case, and the determination by the court of errors and appeals upon any appeal from this case, if such appeal is taken to the next term of the appellate court after this decision.

The utmost that the complainant can ask is that equity be done him.

The utmost that he can claim is (and this is not admitted to be the law) that at the sale he was entitled to acquire a title to

the land described free and clear of all encumbrance—such title as John H. Bonn, deceased, had at the time of his death.

Even in cases of invalid sales it is held that subsequent ratification may cure them. *11 Am. & Eng. Encycl. L. (2d ed.) 1124.*

The defendants in the suit at bar, by the tender of deeds and the offer to pay off the mortgage and the taxes, not only ratify the sale, if it was theretofore invalid, but actually vest in the complainant a fee-simple title to the lands in question, free and clear of all encumbrance.

It is difficult to see what more he can claim to be entitled to.

Under these circumstances, I conclude that the complainant's bill should be dismissed, with costs; and that under the cross-bill of the defendant Moody he is entitled to a decree requiring the complainant to specifically perform the contract of sale upon receiving the various deeds and the canceled mortgage and the tax bills paid, which vest a fee-simple, unencumbered title in him.

I will advise a decree in accordance with these conclusions.