NICHOLAS F. PALMER, JR., SURVIVING EXECUTOR OF WILLIAM BROMLEY, DECEASED, RELATOR, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF ESSEX ET AL.

Argued November 4, 1908—Decided November 16, 1908.

1. Where a court of general jurisdiction has jurisdiction of the subject-matter, and has acquired jurisdiction over the person of the defendant, its judgment is invincible against collateral attack.
2. Upon collateral attack mere irregularities in proceedings in a court of general jurisdiction are cured by judgment.
3. A declaration on its face, exhibiting a cause of action barred by the statute of limitations, is not equivalent to stating no cause of action whatever.
4. Where both parties have been heard on a rule to show cause for *mandamus*, and there are no disputable facts, a peremptory writ may issue in the first instance.
   *Quære.* Whether the statute of 1846 (*Gen. Stat.*, *pp.* 408, 410), requiring that the service of a summons issued against a board of chosen freeholders shall be made "at least thirty days before the session of the court to which such process is returnable," was not impliedly repealed by section 52 of the Practice act? *Pamph. L.* 1903, *p.* 537.

*Quære.* Whether section 95 of the Practice act (*Pamph. L.* 1903, *p.* 537), providing for the service of a declaration with the summons, includes municipal corporations defendant?

On rule to show cause why a writ of *mandamus* should not issue.

The facts established by the proofs taken under this rule are: That the relator, on November 19th, 1907, instituted an action in the Essex County Circuit Court against the board of chosen freeholders of the county of Essex, by the issue of a summons on that day returnable December 6th, 1907. Declaration was attached to and served with the summons November 20th, 1907. On December 10th, 1907, judgment by default for want of a plea was duly entered and execution has been issued thereon and returned unsatisfied by the sheriff. A written demand for payment was served upon the county collector together with a copy of the execution. A like written demand was also made upon the finance committee of the board and upon the board of freeholders at their annual meeting, but the board has failed to make provision for the payment of the judgment. The subject of the action was the recovery of money paid by the plaintiff's testator to the Essex public road board whose successor the defendant is, as the amount of an assessment, afterwards set aside as illegal by this court. The declaration alleges that the assessment was made April 2d, 1881, and paid December 10th, 1884, and was set aside November 27th, 1889. After entry of the judgment application was made to the Circuit Court to open it, because improvidently entered, and because the defendant has a legal defence in the statute of limitations, which application was refused. Thereupon this rule was obtained requiring the said board of freeholders and the individual members thereof to show cause why a peremptory or alternative writ of *mandamus* should not issue commanding them to add to the amount to be raised by taxation for current expenses, &c., for the coming year, an amount sufficient to pay the execution, and commanding them to order the county auditor and col-

lector to pay to the petitioner the amount of the execution out of any funds in their hands belonging to the board of freeholders.

Before Justices GARRISON, PARKER and VOORHEES.

For the relator, *Edward Oakes.*

For the defendants, *Elvin W. Crane.*

The opinion of the court was delivered by

VOORHEES, J.  The issuance of the writ asked for is resisted upon several grounds, each of which is an attack upon the judgment.  It is well settled that where a court of general jurisdiction has jurisdiction of the subject-matter and has acquired jurisdiction over the person of the defendant, its judgment is invincible against collateral attack.  It is only where there is lack of jurisdiction in one or both of the above particulars that the judgment is void and may be so treated in a collateral proceeding.  *Westcott* v. *Danzenbaker,* 1 *Halst.* 132; *Van Dyke* v. *Bastedo,* 3 *Gr.* 224; *Godfrey* v. *Myers,* 3 *Zab.* 197; *Hess* v. *Cole, Id.* 116; *National Docks Co.* v. *Pennsylvania Railroad Co.,* 7 *Dick. Ch. Rep.* 58; *Podesta* v. *Binns,* 3 *Robb.* 387.

Jurisdiction will be presumed in cases of domestic judgments of courts of general jurisdiction.  *Miller* v. *Dungan,* 6 *Vroom* 389.

The defendants insist that the record discloses upon its face that the judgment was improvidently and prematurely entered, and hence is void.  The reasoning of the defendants on this subject is that the statute of 1846 (*Gen. Stat., pp.* 408, 410) requires the service of a summons issued against a board of chosen freeholders to be made "thirty days at least before the session of the court to which such process is returnable," and, as such service was not made in this case, the judgment is a nullity.  There would be no merit in this contention if the above statute was impliedly repealed by section 52 of the Practice act.  *Roche* v. *Jersey City,* 11 *Vroom* 257.

But, assuming the premature entry of the judgment, that fact does not render it void. It will stand until reversed or set aside. *Hoey* v. *Aspell & Co.,* 33 *Vroom* 200.

Irregularities in proceedings in a court of general jurisdiction as against collateral attack are cured by judgment (*Apel* v. *Kelsey,* 52 *Ark.* 341; *Fischer* v. *Holmes,* 123 *Ind.* 525), which is fatal to the objection that in actions against boards of freeholders the statute does not permit a declaration to be served with the summons. If the provisions of section 95 of the Practice act (*Pamph. L.* 1903, *p.* 537), include municipal corporations defendant, this objection has no foundation. *Dock* v. *Elizabethtown Manufacturing Co.,* 5 *Vroom* 312, and *Cooper* v. *Cape May Point,* 38 *Id.* 437, are cases which point to this construction.

Nor can it be successfully urged that because the declaration on its face exhibits a cause of action barred by the statute of limitations, it is equivalent to stating no cause of action whatever. Such is the contention of the defendant. The statute does not obliterate the cause of action. This defence may be waived. To be availed of it must be pleaded. *Christie* v. *Bridgman,* 6 *Dick. Ch. Rep.* 331; *Peer* v. *Cookerow,* 2 *Beas.* 136; *West Hoboken* v. *Syms,* 20 *Vroom* 546.

These are matters that should be addressed to the court in which the judgment was entered and that were correctly decided by it in refusing to open the judgment, and, while we have considered them, they cannot be availed of as a means of collateral attack upon the recovery.

The rule to show cause will be made absolute, with costs, and a *mandamus* will be issued (*Lyon* v. *Elizabeth,* 14 *Vroom* 158; *Londrigan* v. *McNally,* 36 *Id.* 163) peremptory in form, both parties having been heard on this rule and there being no disputable facts. *State ex rel.* v. *Paterson,* 6 *Id.* 196.