CAMDEN COUNTY CIRCUIT COURT.

WALTER T. GROSS, SHERIFF OF THE COUNTY OF CAM-
DEN, PLAINTIFF, v. EDWIN CADES, DEFENDANT.

Submitted March 16, 1929—Decided March 26, 1929.

For the defendant, *Charles M. Atkinson.*

DONGES, S. C. C.  Plaintiff sues to recover the difference
between a bid of defendant for premises sold under an execu-
tion issued out of the Court of Chancery, and the bid re-
ceived upon resale of the premises, after defendant failed to
take the deed and make settlement after confirmation by
the court.

Defendant answers, admitting the allegations of the com-
plaint, but avers that one Max Kaufmann, the complainant
in the Chancery proceeding, agreed to finance such purchase
and induced the bid of defendant, but thereafter declined to
advance any money for such purpose.

Defendant now asks leave to file further defenses, asserting
that defendant did not make the bid for himself, but as an
executor of his father's estate, and that the attorney who
signed the sheriff's agreement, or conditions, of sale was not
authorized by defendant to do so.

In *Townshend* v. *Simon,* 38 *N. J. L.* 239, it is held that a sheriff may bring action against a purchaser who refuses to comply with the conditions of sale; and a resale being had, the measure of damages is the difference between defendant's bid and the sum raised at the second sale, together with the costs and expenses of the resale.

The affidavit of defendant is not certain and definite as to the undertaking of Kaufmann with respect to the alleged agreement to finance. It amounts to no more than a declaration that defendant should "go ahead and buy the property in and I will take care of you afterwards," or words to that effect. The sheriff had no knowledge of the alleged conversation or undertaking by Kaufmann, and it is denied by Kaufmann and his attorney. Even if made, it can have no effect to relieve defendant of his bid at the sale. The sheriff is required to make sale, according to the mandate of the writ of execution. No one can make agreements binding upon him. If any matter occurred at the sale which was a fraud upon a bidder, such bidder might be relieved by application to the court from which the writ was issued. A bidder at a judicial sale cannot be relieved of his bid because of an agreement of some person that he will help the bidder finance his purchase, even if such person may have an interest in the fund derived from such sale. If Kaufmann contracted with defendant to do something for defendant, and breached his agreement, defendant must look to Kaufmann.

The defendant has presented nothing in his answer or affidavit which entitles him to have the merits passed upon in trial.

Nor should the defendant be permitted to amend his answer to deny that the bid was his bid and that the sheriff's agreement to purchase was made without his authority.

Defendant's affidavit to be used on this motion clearly indicates that he was aware of the bid made by Mr. Liberman, and that the bid was signed by Mr. Liberman for defendant. Defendant took no steps to be relieved of the bid, but permitted the sale to him to be confirmed and refused the deed when he found it impossible to finance the purchase. His

alleged interviews with Kaufmann do not suggest either that Liberman was without authority to bind defendant or that defendant did not intend to make the bid in his own name. On the contrary, his affidavit discloses that Mr. Liberman advised him that the bid had been made in his name and that this was the proper procedure. To this conduct of Liberman, defendant, by his own admissions, never made objection to the Court of Chancery or sought to be relieved. He knew before the date for performance that he was bound to take the property. He obviously wanted the property and was party to creating the status now complained of. It is significant, perhaps, that defendant does not support his statements by affidavit of Mr. Liberman.

Leave to file the amended answer should not be granted.

The affidavits in support of this motion are clear and convincing and leave no doubt that defendant made the bid for the property; that he failed to perform and that a loss resulted. Defendant has raised no meritorious defense.

An order will be made striking out defendant's answer and entering summary judgment.