191 N.J. Super. 617 (1983)
468 A.2d 737
LOUIS TRENTA AND ROBERT TRENTA, PLAINTIFFS,
v.
JAMES GAY AND EVELYN GAY, HIS WIFE, AND LESTER BORBAS, DEFENDANTS.
Superior Court of New Jersey, Chancery Division Middlesex County.
Decided September 19, 1983.
*618 Dominic J. Cerminaro, for plaintiffs.
Peter Daly Campbell, for defendants Gay.
Alexander Takacs, for defendant Borbas.
COHEN, J.S.C.
This is a suit for specific performance of a contract for the sale of residential real property. Defendant owners have moved for summary judgment dismissing the complaint. The decision turns on the meaning of an attorney review clause contained in the contract between the parties.
The property was listed for sale with a real estate broker. Plaintiffs made an offer that appeared to satisfy defendants. A contract was prepared by a broker by filling in blanks on a form supplied by the Middlesex County Multiple Listing System. It was then signed by all of the parties. Paragraph 8 of the contract said:
ATTORNEY REVIEW: If BUYER or SELLER elects to consult an attorney, this contract shall be subject to such attorney's review of all of its terms and conditions within three (3) business days (exclusive of Saturdays, Sundays and *619 legal holidays) from the date of the delivery of the signed contract to the BUYER and SELLER. If neither BUYER nor SELLER exercises the right to have an attorney review this contract within the time permitted, this contract will be legally binding as written. If the attorney for the BUYER or SELLER disapproves of this contract he must notify the Broker(s) and the other parties named in this contract within the time permitted, otherwise this contract will be legally binding as written. An attorney's notice of disapproval shall be served upon the Broker(s) either by certified mail or telegram, effective upon sending, or by personal delivery, effective upon receipt. The parties may agree in writing to extend the time for attorney review.
It is recommended that the Broker(s) be immediately informed of any revisions suggested by the attorney(s).
Within three business days, the seller consulted an attorney who disapproved of the contract and so notified plaintiffs and the broker within the time permitted. He gave no reasons for his disapproval. Defendants subsequently agreed to sell the property to codefendants at a greater price.
Plaintiffs argue that the purpose of the attorney review clause is to permit consultation on the technical terms and details of a contract and not to create a time-out period to accommodate a rethinking of the whole deal or the receipt of a better offer. Defendants contend that the language of the clause is very broad, that it does not call for any explanation of reasons for disapproval, and that its purpose is best served by the most liberal of readings.
There is a history of tension between attorneys and brokers over the drawing of real estate sales contracts. The battles have historically been fought over charges of unauthorized practice of law against brokers who drew contracts. See N.J. Bar Ass'n v. N.J. Ass'n of Realtor Boards, 186 N.J. Super. 391 (Ch.Div. 1982), aff'd 93 N.J. 470 (1983); State v. Bander, 56 N.J. 196 (1970); N.J. Bar Ass'n v. Northern N.J. Mortgage Associates, 32 N.J. 430 (1960); N.J.Bar Ass'n v. Northern N.J. Mortgage Associates, 22 N.J. 184 (1956). What is at stake is apparent. Brokers wish to be able to put together binding deals while the parties' momentum is in that direction. They fear that the doubts that afflict people entering substantial transactions may unravel perfectly good deals while the lawyers pick nits. Lawyers *620 believe that some brokers are inclined to push the parties toward deals that may be against their interests. They believe that lawyers offer valuable advice to people entering real estate transactions. They are frustrated by the limitations on the role they can play if their clients appear for the first time with binding agreements in their hands.
One solution to the problem is the attorney review clause. The one used here was created in a recent statewide settlement of differences between lawyers and brokers that was judicially approved in N.J. Bar Ass'n v. N.J. Ass'n of Realtor Boards, supra 186 N.J. Super. at 391. Changes in the clause were made by the Supreme Court, subject to the parties' consent, to conform to the Plain Language Law, N.J.S.A. 56:12-1 et seq. The substance, however, remained unchanged. N.J. Bar Ass'n, 93 N.J. at 475-76.
The clause contemplates "attorney's review of all of [the contract's] terms and conditions." There is no broader description of the contents of a written contract. Among the terms and conditions of a real estate contract are the price, manner of payment, means of conveyance, inspections, warranties, financing, contingencies, tenancies, adjustments, assignments and all of the other provisions, from the most inconsequential to the most focally important. Nothing is excluded. There is no legitimate way to force the language of the clause into a narrower shape. Compare the clause involved in Indoe v. Dwyer, 176 N.J. Super. 594 (Law Div. 1980).
After a review of the N.J. Bar Ass'n settlement agreement, the Supreme Court decided to require, subject to the parties' consent, every broker's contract to open with these words:
THIS IS A LEGALLY BINDING CONTRACT THAT WILL BECOME FINAL WITHIN THREE BUSINESS DAYS. DURING THIS PERIOD YOU MAY CHOOSE TO CONSULT AN ATTORNEY WHO CAN REVIEW AND CANCEL THE CONTRACT. SEE SECTION ON ATTORNEY REVIEW FOR DETAILS.
The consent judgment offered to the parties by the Supreme Court describes the effect of the clause:

*621 This contract will be legally binding at the end of this three-day period unless an attorney for the buyer or the seller reviews and disapproves of the contract.
In the Chancery Division, Justice Sullivan described the positions of the parties on the meaning of the attorney review clause:
The attorneys for both associations, in explaining the meaning of the attorney review clause, represented that it should be given a broad construction enabling an attorney to disapprove a contract ... for any reason or reasons which would not be subject to review. [186 N.J. Super. at 395.]
There can be no doubt that the parties and the courts dealing with the approval of the settlement believed that the attorney review clause permitted attorney disapproval for any reason, that there was no duty to explain the reason, and that courts were not expected to review the disapprovals for reasonability.
For represented parties to a contract, like those involved here, there is really nothing wrong with such a clause.[1] Attorneys offer advice on a limitless range of matters. Clients rely on them not only for legal advice but also for emotional support, financial guidance and common sense. They do not often come to their attorneys with their deals all made, save only the limited contributions of the scrivener. For those reasons, there is nothing surprising about a contract provision that effectively creates a timeout period for discussion and advice from a trusted counsellor. That advice can be on details or on price and, to be effective, has to be uncontrolled. Plaintiffs fear price was the problem here and believe they were simply outbid by a latecoming *622 buyer. That may be so. If it is, it is a possibility contemplated and legitimated by the attorney review clause.[2]
There is no occasion for this court to evaluate the reasons why defendants' attorney rejected the profferred contract. He was entitled to do so, on his clients' instructions, for any reason. The reasonability of his advice is not subject to judicial review.
There are no material facts in dispute. Summary judgment will be granted dismissing the complaint. An order so providing should be submitted on notice.
NOTES
[1] It may be more difficult to explain to an unrepresented buyer or seller why he does not have the three-day period for reflection afforded to his counselled counterpart. See Justice Schreiber's dissent in N.J. Bar Ass'n, supra 93 N.J. at 485-86. Whether that is a fair, wise or permissible distinction was not raised by the parties here. It is not solvable by a narrow misreading of the language. For a contrast, see the Door-to-Door Home Repair Sales Act of 1968, N.J.S.A. 17:16C-95 et seq. It gives a homeowner two full business days after the day he signs a home repair contract in his home to change his mind and so notify the contractor.
[2] The obligations between buyer and seller may be different from the obligations between broker and seller. Nothing in this opinion is intended to bear on the latter relationship.