CENTURY 21—CANDID REALTY, PLAINTIFF, v. HERBERT CLIETT AND VERA CLIETT, DEFENDANTS.

Superior Court of New Jersey
Law Division Special Civil Part
Burlington County

Decided January 30, 1985.

*John T. Discepolo* for plaintiff (*James Logan, Jr.*, attorney).

*Lester J. DaCosta* for defendant.

*Robert J. Partlow, amicus curiae* on behalf of the New Jersey Bar Association (*Parker, McCay and Criscuolo*, attorneys).

SULLIVAN, J.S.C.

Cross-motions for summary judgment have been filed in this action by a real estate broker against a seller to recover commissions allegedly due pursuant to a listing agreement for the sale of a home. The broker claims he produced a ready, willing and able buyer and alleges the seller wrongfully refused to carry out the sale. The seller claims that no commission was earned because he withdrew from the transaction pursuant to the "attorney review clause" contained in the sale agreement. The clause was one approved by the *Supreme Court N.J.S.T. Bar Ass'n. v. N.J. Ass'n. of Realtor Bds.*, 93 *N.J.* 470 (1983). It reads as follows:

If Buyer or Seller elects to consult an attorney, this Contract shall be subject to such attorney's review of all of its terms and conditions within three (3) business days (exclusive of Saturdays, Sundays and legal holidays) from the date of the delivery of the signed Contract to the Buyer and Seller. If neither Buyer nor Seller exercises the right to have an attorney review this Contract within the time permitted, this Contract will be legally binding as written. If the attorney for the Buyer or Seller disapproves of this Contract he must notify the Broker(s) and other party named in this Contract within the time permitted, otherwise this Contract will be legally binding as written. An attorney's notice of disapproval shall be served upon the broker(s) either by certified mail or telegram, effective upon sending, or by personal delivery, effective upon receipt. The parties may agree in writing to extend the time for attorney review. It is recommended that the broker(s) be immediately informed of any revisions suggested by the attorney(s).

On December 30, 1983, defendant-seller entered into a listing agreement with the plaintiff-broker. The broker found a prospective buyer, drafted an agreement of sale and arranged for its execution by the buyer and the seller. Seller then consulted an attorney and was advised that the contract was too favorable to the buyer and that it would be in the seller's economic interest to withdraw from the transaction. Seller, therefore, cancelled the agreement, relying upon the attorney review clause.

■ The broker's position is that, while the seller validly cancelled the sales contract, the broker's commission of $3,143 is nevertheless due and owing by virtue of the listing agreement. The listing agreement calls for a 7% commission when "on a sale or exchange of said property or a portion thereof is effected by the agent, seller or other person, firm or corporation during the term of the contract." *Ellsworth Dobbs, Inc. v. Johnson,* 50 *N.J.* 528, 548 (1967) held that a seller, who wrongfully refuses to perform a sales agreement obtained by a broker, must pay the broker's commission. The broker argues that the attorney review clause in the contract of sale cannot affect the listing agreement. He takes the position that a buyer's contract cancellation pursuant to the attorney review clause, but not a seller's cancellation, eliminates a commission claim.

The right of the seller to rescind the contract of sale pursuant to the attorney review clause is much less meaningful, if the seller remains liable for payment of the broker's commission. Most sellers rely upon the anticipated receipt of sales proceeds as a source of funds from which to pay commissions. More important, the economic loss resulting from the payment of commissions when no sale has been effected may prevent sellers from enforcing the attorney review clause even though they have good reason to do so.

The review clause approved by the Supreme Court refers to *both* buyer and seller. The plaintiff-broker's reading of that language in a way which limits the seller's right is not permissi-

ble. It is contrary to logic and to the express meaning of the words considered by the Supreme Court. Clearly, the seller here had the right to cancel the sales agreement on the basis of an attorney's advice without subjecting himself to a commission liability. The listing agreement is conditioned upon the right of the seller and buyer to rely upon the attorney review clause. Were the listing agreement to contain a provision to the opposite effect, the provision would be void—it would be contrary to public policy. The fact that the listing agreement is silent as to the effect of the review clause can lead to no different result. That is the necessary effect of the *State Bar Ass'n* opinion. If it were otherwise, every listing agreement would eliminate the protection of the review clause and it would become totally ineffective.

The broker argues that unprincipled sellers of residential properties may defeat commission claims without limit, if this is a correct interpretation of the review clause. It is true, of course, that sellers may do this in reliance upon the review clause and the advice of an attorney, even though that advice is not based upon any reason whatsoever, *Trenta v. Gay*, 191 *N.J.Super.* 617 (Ch.Div.1983) This result, however, is not unprincipled. It is the opposite. It is a principled consequence of a broker's insistence upon preparing agreements of sale, a consequence for which brokers bargained when they secured the Supreme Court's approval of their stipulation in the *State Bar Ass'n* case. It is also a consequence easily avoided. Any broker who wishes to do so need only secure the services of an attorney to draft an agreement and the review clause will not be used.

■ The seller's cancellation of the sales agreement does not affect the listing agreement. It remains in force for the duration of its term, providing the broker with additional opportunities to earn a commission.

The decision of the Supreme Court granting brokers the right to draft contracts under limited circumstances was rendered on July 28, 1983. The effective date of the decision was postponed

until January 1, 1984 and again postponed to February 15, 1984. These circumstances are of no moment here. The review clause was a part of the contract drafted by the broker and agreed to by the buyer and the seller. The broker cannot avoid the consequences of his own act by relying upon the listing agreement. At the time the sales agreement was prepared the Supreme Court's opinion in the *State Bar Ass'n* case had been published. The review clause contained in that agreement must be construed in the light of that opinion, notwithstanding the fact that its effective date was later than' the date of the agreement.

The plaintiff-broker's motion for summary judgment is denied. The defendant-seller's motion for summary judgment to dismiss the complaint is granted as to the first count of the complaint; the second count of the amended complaint which alleges that the seller refused to consider a subsequent proposal to purchase in compliance with the terms of the listing agreement will not be dismissed and the matter will be listed for trial since it implicates factual issues.

Seller's counsel will submit an appropriate order.