273 N.J. Super. 379 (1993)
641 A.2d 1132
HARRY BASSFORD, PLAINTIFF,
v.
TRICO MORTGAGE CO., INC., DEFENDANT.
Superior Court of New Jersey, Law Division, Middlesex County.
Decided April 12, 1993.
*380 William A. Thompson, III, for plaintiff.
Arnold Gerst, for defendant (Stern, Lavinthal, Norgaard & Daly, attorneys).
T.L. FRANCIS, J.S.C.
This case of first impression arises out of cross motions for summary judgment. The issue raised in both motions is whether or not a contract executed at an auction of real property is binding on the purchaser where the attorney review clause has been intentionally deleted.

I. STATEMENT OF FACTS

The facts in this case are not in dispute. A private auction for real property was held on March 29, 1992. On that date, plaintiff bid on and subsequently contracted for the purchase of property located at 107 West Popular Avenue, Wildwood, New Jersey.
Prior to the private auction, defendant mailed to plaintiff information explaining the auction process, including but not limited to descriptions of all property to be auctioned and copies of the forms that were used on the auction date to effect a sale of property, and a copy of "The Contract for Sale of Real Property". This form was blank in the material terms of date of sale, buyers name, property location, purchase price, payment of purchase price and *381 financing terms. The contract did not include an attorney review clause. However, prominently worded on the top of the contract was the following language: "This is intended to be a legally binding contract once it is signed by both parties. Buyer may want to have this contract reviewed by buyer's attorney before buyer signs it."
At the auction, plaintiff voluntarily bid on the subject property. Plaintiff paid $5,000 toward the purchase price and simultaneously signed a "Contract for Sale of Real Property." The purchase price was $59,725.00. Before signing, the material terms of the sale, which were included in the contract, were discussed by plaintiff and a representative of defendant. No real estate broker was involved in this transaction.
Plaintiff herein petitions this court to declare the contract void for lack of an attorney review clause. Defendants seek to enforce the contract since plaintiff was on notice that the contract was prepared by seller's attorney and it was intended to be legally binding once it was signed by both parties.

II. RELEVANT LAW

A. Attorney Review

On the date of the public auction, the contract that was executed between defendant and plaintiff was a real estate sales contract. Attorneys have argued that legal representation is vital at time of contracting while brokers have refuted that claim. Trenta v. Gay, 191 N.J. Super. 617, 619, 468 A.2d 737 (Ch.Div. 1983). The attorney review clause is rooted in the decision of State v. Bander, 56 N.J. 196, 265 A.2d 671 (1970), in which defendant, real estate broker, prepared a real estate sale contract. The case came to the Supreme Court as a result of its constitutional authority over the practice of law. N.J. Const. art. VI, § 2, ¶ 3. The Supreme Court in Bander did not reach the question of whether defendant's action constituted the unauthorized practice of law, rather in dicta suggested a remedy:
As to that issue it is suggested that an answer might be obtained in a separate suit for an injunction against the type of acts undertaken by defendant or for a *382 declaratory judgment. In this manner a complete and detailed record could be made disclosing, inter alia, the extent, the length of existence, effect and result of the performance of similar acts by real estate brokers generally and the public need for such service. [State v. Bander, supra, 56 N.J. at 202-03, 265 A.2d 671].
Acting on that suggestion, the New Jersey State Bar Association filed suit against licensed realtors as a class, seeking a ruling that the preparation of real estate sale contracts by realtors constituted the unauthorized practice of law. State Bar Association v. New Jersey Association of Realtor Boards, 93 N.J. 470, 461 A.2d 1112 (1983). In Chancery, a settlement was reached whereby it was agreed that realtors could prepare certain real estate contracts and leases, provided that an attorney review clause was inserted in such contracts. The settlement was effective subject to Supreme Court approval.
The Supreme Court considered and ultimately approved the settlement, with minor modifications. Id. at 474, 461 A.2d 1112. Essentially, the approved settlement required that every contract for residential real property containing one to four dwelling units or single-family lots must contain conspicuously the following language at the top of the first page: "THIS IS A LEGALLY BINDING CONTRACT THAT WILL BECOME FINAL WITHIN THREE BUSINESS DAYS. DURING THIS PERIOD YOU MAY CHOOSE TO CONSULT AN ATTORNEY WHO CAN REVIEW AND CANCEL THE CONTRACT. SEE SECTION ON ATTORNEY REVIEW FOR DETAILS."
The attorney review clause provides each party a three-day window during which the contract may be voided at the discretion of either party's attorney. Denesevich v. Moran, 211 N.J. Super. 554, 556, 512 A.2d 505 (App.Div. 1986). This time is deemed necessary to protect the interests of the client. Indoe v. Dwyer, 176 N.J. Super. 594, 602, 424 A.2d 456 (Law Div. 1980). According to Trenta v. Gay, supra, 191 N.J. Super. at 621, 468 A.2d 737, the opportunity to consult counsel allows: "Attorneys (to) offer advice on a limitless range of matters. Clients rely on them not only for legal advice but also for emotional support, financial guidance and common sense."
*383 In Freedman v. Clonmel Const. Corp., 246 N.J. Super. 397, 404, 587 A.2d 1291 (App.Div. 1991), the court found the attorney review policy extended to all documents that affected the contract of sale. "A party, and particularly an already represented party, has the same need to understand the import of the modification, its burdens and benefits, and his available legal and business options as with respect to the original contract."
Most recently in Calvert v. Hovnanian at Galloway, 247 N.J. Super. 518, 589 A.2d 1049 (App.Div. 1991), the court required an attorney review clause where a purchase agreement was executed by a broker and signed by a purchaser without an attorney present. In Calvert, the defendant argued that the attorney review requirement was not applicable where an attorney had created the boilerplate purchase agreement on which a broker would subsequently insert the buyer's name, address and description of the property. The Calvert court found that the agreement was only "prepared" when the material terms such as price, property description and buyer's name were included on the form. Id. at 527, 589 A.2d 1049. Since brokers filled in these material terms, brokers "prepared" the purchase agreement and thus evoked the need for attorney review. Id.
In the case at bar, the contract at auction was for a single family lot. The material terms were "filled-in" by defendant's representative at the time of signing. And the contract deleted the attorney review clause.
Plaintiff would have the contract declared void for the absence of the attorney review clause. Defendant contends that the Calvert case does not apply because real estate brokers were not involved in the preparation of the auction materials nor the contract of sale.

B. Real Estate Brokers

The role and licensing requirements of a real estate broker are defined in the New Jersey statutes. N.J.S.A. 45:15-3 states in *384 relevant part: "A real estate broker ... is defined to be a person, firm or corporation who ... offers or attempts to negotiate a sale (or) exchange which does or is contemplated to result in the sale, exchange, leasing, renting or auctioning of any real estate ..." Id.

C. Auctions

An auction is a public sale to the highest bidder. Perry Trading Co. v. City of Tallahassee, 128 Fla. 424, 174 So. 854 (1937). There are two types of public auctions: auctions of goods and auctions of real property. The Uniform Commercial Code governs the sale of goods by auction. Jeselsohn et al. v. City of Atlantic City, 70 N.J. 238, 243, 358 A.2d 797 (1976); N.J.S.A. 12A:2-328. However, this court finds no statutory or case law that specifically addresses issues raised when there is a public sale of real property by auction.
A bidder in an auction for sale of goods will be obligated to fulfill the promise by paying the bid price. N.J.S.A. 12A:2-328 states: "(2) A sale by an auction is complete when the auctioneer so announces by fall of the hammer or in customary manner." However, the bidder in an auction has been alleviated of the duty of performing in a limited number of circumstances. In Jeselsohn et al. v. City of Atlantic City, supra, 70 N.J. at 239, 358 A.2d 797, the Court found that a buyer could withdraw his offer because of a municipal ordinance which specifically allowed withdrawal. In Lott v. Delmar, 2 N.J. 229, 66 A.2d 25 (1949), a bidder was not obligated to perform where goods bid on at auction were destroyed prior to transfer.

D. Judicial Sale and Foreclosure

A judicial sale by an officer duly appointed and commissioned to sell, is authorized by a court of competent jurisdiction in contrast to a public sale by an owner. Matter of Fairfield Corp., 75 N.J. 398, 383 A.2d 98 (1978).
*385 A purchaser at a judicial sale will not be relieved of his or her bid. Umbach v. Umbach, 82 N.J. Eq. 427, 89 A. 514 (Ch.Div. 1914); Marine Trust Company v. David, 10 N.J. Misc. 1073, 162 A. 188 (Ch.Div. 1932); Gross v. Cades, 7 N.J. Misc. 365, 146 A. 40 (Camd.City.Cir.Ct. 1929). A sale will be set aside only where it would be inequitable and unjust to hold the purchaser liable by reason of fraud, accident, surprise, mistake or irregularities in the conduct of the sale. Froehlich v. Walden, 66 N.J. Super. 390, 169 A.2d 204 (Ch.Div. 1961); Podesta v. Binns, 69 N.J. Eq. 387, 60 A. 815 (1905) (purchaser can be relieved based on misrepresentations at sale); National Bank of Metropolis v. Sprague, 20 N.J. Eq. 159 (Ch.Div. 1869) (last bidder relieved from sale where it is found that fictitious bidders were used to increase price).
A foreclosure sale is a sale of mortgaged property to obtain satisfaction of the mortgage out of the proceeds, whether authorized by a decree of the court or by power of sale contained in the mortgage. Johnson v. Cook, 96 Mo. App. 442, 70 S.W. 526 (1902). A foreclosure action is consummated by way of a judicial sale. N.J.S.A. 2A:50-19 to 37. Like any bidder at such a sale, the purchaser who has successfully bid at a foreclosure sale is required to purchase the property. Little Falls Savings & Loan v. Holmberg, 165 N.J. Super. 93, 397 A.2d 717 (Ch.Div. 1978).

III. COMPETING INTERESTS

At a judicial sale, the court has severed the rights of the prior property owner and forces the sale of real property. During the process, the court maintains an on-going presence ensuring the protection of all the interests of the parties at the sale. The foreclosure is similar, in that the court's presence and control of the sale of the mortgaged property arguably assures that the sale is conducted pursuant to the applicable statute. As such, the purchasers benefit from the court's control.
Those persons who attend a judicial sale as potential purchasers anticipate the binding nature of their bids. Consumers are on notice of the nature of the sale and the need to liquidate the *386 property. Consumers know that the court will enforce the actions taken at the sale, and that the transaction has the imprimatur of the court and, therefore, arguably the consumers may expect that their interests are in some way protected by the court.
An auction for real property is distinguished from a judicial sale or foreclosure sale in that there is no court presence. The seller, however, has the same desire to sell property quickly, and auctions are designed to allow the sellers an expedient liquidation of their interests in property. A consumer is given notice of the binding nature of the auction. The auction advertising encourages potential buyers to seek counsel prior to the sale. In this way, consumers may discuss their financial situation prior to bidding at auction. Consumers are given notice to expect that their bids will be binding at auction. They voluntarily attend and bid at an auction for real property. Hence, consumers who participate in such a process should not reasonably expect that they will be relieved from their bid, similar to their expectations in judicial sale and foreclosure.
During the purchase of real property conducted with a broker, an attorney review clause is intended to give parties the benefit of a trusted counselor. Indoe v. Dwyer, 176 N.J. Super. 594, 601, 424 A.2d 456 (Law.Div. 1980). An attorney review clause, therefore, gives purchasers an opportunity to discuss their financial situation and the economic burdens and benefits with them in isolation from a broker who may or may not be representing their interests. It is this public policy consideration that Calvert addresses.

IV. CONCLUSION

Accordingly, this court finds that an attorney review clause is not necessary in contracts for the sale of real property in auction, where a real estate broker is not involved in the preparation of the contract.
A duly authorized representative of Trico Mortgage Company conducted the auction involved in this controversy. No licensed real estate broker was involved at the auction. Since no broker *387 was involved in this transaction, the "Contract for Sale" at issue falls outside the scope of the State Bar Association requirement for attorney review. Hence, no attorney review clause is warranted.
Current case law does not require that owners of real property, like Trico Mortgage, who regularly sell their real property by auction, be licensed brokers. Plaintiff arguably would have this court impose a licensing requirement on Trico that is not within the reach of this court.
The buyers at an auction for real property expect to be bound by their bids. Buyers have the opportunity before attending the auction to review auction material, investigate specific property and assess their finances. All of this they may accomplish with an attorney. Buyers may even bring an attorney with them at the time of the auction.
The sellers at an auction would be unduly burdened by the impact of an attorney review clause. Such a requirement would allow buyers the opportunity to seek out another purchaser at a cost greater than the bid made by the buyer at auction. If the buyer was unsuccessful he or she could attempt to evoke the attorney review clause simply because another purchaser could not be found in seventy-two hours. An attorney review clause would allow this action since an attorney may cancel for any reason within seventy-two hours of signing the contract. Judicial sales and foreclosure sales do not allow the possibility of such abuse. Arguably, no attorney review is allowed of such bids, to protect the expediency and finality of the bidding process.
Plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is hereby granted.