ABE FRIEDMAN, TRUSTEE, ETC., RELATOR, v. BOROUGH OF WALDWICK, RESPONDENT.

Argued January 21, 1930—Decided May 6, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the relator, *Insley, Vreeland & Decker.*

For the respondent, no appearance.

PER CURIAM.

This matter is before us upon a demurrer to a return to an alternative writ of *mandamus*.

The relator recovered a judgment of $15,301.58 against the respondent on November 27th, 1928, which not being paid and satisfied, relator applied for and obtained an alternative writ of *mandamus* on November 23d, 1929, directed to the respondent. The return thereto sets up two reasons why such writ should be dismissed and a peremptory writ should not issue.

The first is that because between April 1st, 1924, and July 12th, 1924, three claims aggregating $486.44 were filed with respondent, as being amounts due from relator to said claimants. But this is no answer. In the first place, as pointed out by the relator, if these claims were not paid within sixty days from the date of their filing with respondent, the claimants were required to bring action thereon, or join in an action then instituted and in progress by some other claimant, in order to present their right of lien. The return is

silent as to any such action having been taken. It must be as-assumed, therefore, that none was taken and that the claimants have lost and forefeited their right of lien and payment thereof by the respondent from any moneys it had in hand due or to come due to the relator.

In the second place relator's judgment cannot be success-fully attacked in this manner under the present proceeding. *Palmer, &c.,* v. *Freeholders of Essex County,* 77 *N. J. L.* 143.

The second reason urged in the return for a dismissal of the writ is that the respondent has adopted proper resolutions authorizing the issuance of obligations to secure the moneys to pay the relator the amount due him upon his judgment.

This, however, is no answer to the command of the writ which is immediately to levy and assess, by taxation, funds sufficient to fully pay and satisfy relator's judgment.

The relator is entitled to judgment in his favor upon his demurrer with costs and an order for a peremptory writ of *mandamus*.