TOWNSHIP COMMITTEE OF THE TOWNSHIP OF PIS-
CATAWAY AND THE TOWNSHIP OF PISCATAWAY, A
MUNICIPAL CORPORATION, PLAINTIFFS, v. THE
FIRST NATIONAL BANK OF DUNELLEN, A CORPORA-
TION, DEFENDANT.

Decided November 12, 1932.

For the motion, *John T. Keefe.*

*Contra, Joseph J. Mulnick, Jr.*

CASE, J. The township of Piscataway had on deposit with
the defendant bank $32,500 raised by taxation for various
purposes—schools, fire department, state funds, and the like.
Defendant, holding plaintiffs' note obligations amounting to
about $100,000, appropriated the above deposit and applied it
to that indebtedness. The township sued to recover the amount
of the deposit; the defendant answered and counter-claimed
for the full amount of the notes; and the township answered
the counter-claim. On motion Judge Cleary, Circuit Court
judge sitting as Supreme Court commissioner under Supreme
Court rules Nos. 93 and 94, struck the answer to the com-
plaint and thereupon the answer to the counter-claim was
withdrawn. The township now moves for judgment on its
complaint, conceding that defendant is also entitled to judg-
ment for the full amount of the latter's counter-claim. De-
fendant, opposing, contends that the amount due plaintiff
on the complaint should be credited against the amount due

defendant on the counter-claim and that judgment should be entered in favor of the defendant for the balance, and cites, in support, section 4 of "An act concerning set-off." 4 *Comp. Stat., p.* 4836, and also *Pamph. L.* 1927, *ch.* 243.

The statute on set-offs provides that if any two or more persons are indebted to each other, such debts or demands not being for unliquidated damages may be set off against each other, and that if on the trial the amount found to be due to the defendant on his set-off shall equal or exceed the amount found to be due to the plaintiff on his cause of action, the defendant shall be entitled to a verdict and judgment, which verdict and judgment shall, in case of such excess, be for the amount of the balance which shall appear to be due to the defendant on the adjustment and allowance of the debts and demands of the parties under the act. Whether the word "persons" is inclusive of a municipality or other branch of government must depend in large degree upon the context or the sense in which the word is used. Consequently, in a statute, the intent of the legislature is controlling. A private corporation is by statute and common acceptance more essentially a person, within legal conception, than is a public corporation. This is emphasized by the peculiar care, and frequently the prohibition, with which the law has cloaked governmental entities with respect to suits against them. The statute on set-offs, passed in 1874, Revision of 1877, page 1096, was a development from the statutory provisions for mutual dealers contained within the "act concerning obligations and to enable mutual dealers to discount," passed November 1st, 1797. *Patterson* 254. I am convinced by the wording and the history of the legislation that a plaintiff municipality, suing in a governmental function, is not within the purview of the statute and that, therefore, the statute is not applicable.

Chapter 243, *Pamph. L.* 1927, being a supplement to the Municipalities act of March 27th, 1917, provides that "whenever an action has been or hereafter may be commenced, by any municipality, in any court of law of this state against any person, persons or corporation, it shall be lawful for such person, persons, or corporation having any claim or demand

against the plaintiff to set up such claim or demand by way of set-off or counter-claim, subject to rules, and the same shall be considered upon the trial of any such action." This statute has been complied with. The defendant did set up its demand by counter-claim and the counter-claim was not only considered but has been allowed as a substantive cause of action upon which judgment should be entered.

I cannot think that the defendant may arbitrarily and without judicial process seize upon and apply in partial satisfaction of the debt municipal property that it would be unable to reach by execution after successfully reducing its claim to judgment. For that, in essence, is what defendant's contention amounts to. The striking of defendant's answer was a determination that defendant did not have the right to appropriate the deposit; it is to protect plaintiff's rights in that respect that plaintiff is now successfully in court; yet defendant, by the form of the judgment, seeks precisely the advantage that it sought to accomplish by seizing the funds. A judgment creditor may not ham-string a municipality in its governmental functions by taking, under execution, property necessary for public purposes. *Lyon* v. *City of Elizabeth,* 43 *N. J. L.* 158. It seems to be clear that defendant, when it shall have entered its judgment, and issued execution, may not levy upon the public property of the township. In the application of this principle I am unable to distinguish between funds raised by taxation for specific public purposes and chattels or real property used for such purposes. Fire houses and fire apparatus are of little use without the funds to operate them; likewise, schoolhouses without money to pay teachers and purchase supplies. The practice in this state has uniformly been to issue execution against the municipality, not to seize and sell its public property, but for the purpose of laying a foundation for a *mandamus* proceeding. *Lyon* v. *Elizabeth, supra; Palmer* v. *Freeholders of Essex,* 77 *N. J. L.* 143; 71 *Atl. Rep.* 285; *Friedman* v. *Borough of Waldwick,* 8 *N. J. Mis. R.* 370; 150 *Atl. Rep.* 195. Indeed, on the data before me, it appears that the funds appropriated by the bank were, in large measure, moneys that were simply passing through the township, as a tax-

collecting agency, to other governmental units, including the school district, the county and even the state itself.

An order will be signed for judgment for the complainant on its complaint. Likewise, an order will be signed for judgment for the defendant on its counter-claim. That will establish the respective rights and liabilities in favor of and against the parties, respectively, and will prevent the defendant from doing by indirection that which it could not do directly.