211 N.J. Super. 554 (1986)
512 A.2d 505
CARMEN J. DENESEVICH, PLAINTIFF-APPELLANT,
v.
MICHAEL MORAN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted May 19, 1986.
Decided June 4, 1986.
Before Judges PRESSLER, BILDER and GRUCCIO.
*555 Salvatore De Lello, Jr., attorney for appellant.
Martin A. Spritzer, attorney for respondent.
PER CURIAM.
On this appeal we are asked to determine whether the court approved attorney review clause in a contract for the sale of real estate, see N.J. State Bar Ass'n v. N.J. Ass'n of Realtor Bds., 93 N.J. 470 (1983), mod. 94 N.J. 449 (1983), requires an attorney to notify both the realtor and the other party of disapproval or whether notice to the realtor alone is sufficient.
Plaintiff as seller and defendant as buyer entered into a contract for the sale of property in Piscataway for $59,900. The contract contained an attorney review clause.
The Buyer or the Seller may choose to have an attorney study this contract. If an attorney is consulted the attorney must complete his or her review of the contract within a three-day period. This contract will be legally binding at the end of this three-day period unless an attorney for the Buyer or the Seller reviews and disapproves of the contract.
You count the three days from the date of delivery of the signed contract to the Buyer and the Seller. You do not count Saturdays, Sundays or legal holidays. The Buyer and the Seller may agree in writing to extend the three-day period for attorney review.
If an attorney for the Buyer or the Seller reviews and disapproves of this contract, the attorney must notify the REALTOR(S) and the other party named in this contract within the three-day period. Otherwise this contract will be legally binding as written. The attorney must send the notice of disapproval to the REALTOR(S) by certified mail, by telegram, or by delivering it personally. The telegram or certified letter will be effective upon sending. The personal delivery will be effective upon delivery to the REALTOR(S) office. The attorney may also, but need not, inform the REALTOR(S) of any suggested revision(s) in the contract that would make it satisfactory.
The contract was executed on May 30, 1985, a Thursday. Thus the three-day period provided in the review clause included Monday, June 3rd. On that day the seller's attorney notified the broker "I reject the contract in the [Carmen Denesevich to Michael Moran] matter." No separate notice was given to the *556 buyer. On the same day the seller's attorney notified the same broker of his acceptance of a June 2, 1985 contract of sale of the same premises to a different purchaser at a greater price. Moran's refusal to accept the rejection of the contract led to the instant litigation in which the seller sought a judgment declaring that the May 30th contract had been effectively terminated by his attorney's June 3rd action and restraining Moran from interfering with any sale of the property. On cross-motions, the trial court granted summary judgment to Moran, finding in her order that the notice of disapproval was invalid, that the contract was never terminated and that it was valid and in effect. On seller's motion the matter was reheard; reconsideration was denied.
There's no dispute the plaintiff did not send Notice of Rejection to the defendant. Notice was only sent to the realtor. The notice to the realtor was sent Certified Mail as required by the contract. The type of notice required to be given to the other party is not specified. The issue then is whether notice to the realtor was effective as notice to the defendant-buyer. Under the circumstances of this case, I am satisfied it was not.
On appeal the seller contends that notice to the broker (who he characterizes as the buyer's agent) was sufficient and that, in any event, as a matter of public policy delayed notice to the buyer should not matter when the broker gets prompt notice and the notice to the buyer, although late, is given before the buyer has incurred any expenses. The seller asks us to ignore the plain language of the contract and substitute a provision significantly different.
The attorney review clause provides each party a three-workday escape period during which the contract may be disapproved at the unfettered discretion of that party's attorney. See N.J. Bar Ass'n v. N.J. Realtor Bds. Ass'n, 186 N.J. Super. 391, 395 (Ch.Div. 1982), mod. 93 N.J. 470 (1983). It is intended to permit reasonable professional time for a fair examination in order to protect legal rights. See Indoe v. Dwyer, 176 N.J. Super. 594, 602 (Law Div. 1980). It is plainly conditioned, however, *557 upon prompt notice to both the broker and the other party. A buyer, or seller, who has not received notice within the stated period can rely upon a binding arrangement. The requirement of notice to the other party as well as the broker was not a happenstance; it was specifically added to the provision as finally approved. See N.J. Bar Ass'n v. N.J. Realtor Bds. Ass'n, 186 N.J. Super. at 397.
Not only does the seller's argument violate the plain language of the attorney review provision, but it ignores the reality of the real estate transaction and, indeed, common sense. The broker in this case was clearly the listing broker, chosen and paid for by the seller. However, even had the broker been the buyer's agent, its interest in the transaction was significantly different than that of the buyer. Its interest lay solely in negotiating a signed contract and obtaining a commission. Indeed, in this very case the same broker was involved in the higher priced June 2nd contract  the transaction which was clearly the reason for the seller's attempt to cancel the Moran contract. Cancellation of the Moran contract would result in a higher commission for the broker. To clothe the broker with the attributes of a fiduciary so as to impute notice to the party is, in our view, unrealistic. As the seller noted in his brief, a broker's role is to bring the parties together and act as a conduit for negotiations. See Martins Ferreira v. Jayess Corp., 214 F. Supp. 723, 727 (D.N.J. 1963). Its goal is simply to put the deal together. See Trenta v. Gay, 191 N.J. Super. 617, 619 (Ch.Div. 1983).
Seller's final contention that summary judgment was barred by the existence of a genuine dispute as to a material fact is clearly without merit. There is no honest dispute about the failure to give Moran notice. The seller's argument to the contrary is purely speculative.
Affirmed.