215 N.J. Super. 273 (1987)
521 A.2d 909
HOWARD LEVISON AND KAREN LEVISON, PLAINTIFFS-APPELLANTS,
v.
RICHARD WEINTRAUB AND PATRICIA WEINTRAUB, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted January 27, 1987.
Decided February 24, 1987.
*274 Before Judges ANTELL, BRODY and D'ANNUNZIO.
Howard S. Mitnick, attorney for appellants.
Norris, McLaughlin & Marcus, attorneys for respondents.
Greenbaum, Rowe, Smith, Ravin, Davis & Bergstein, attorneys for amicus curiae New Jersey Association of Realtors (Arthur M. Greenbaum of counsel and Arthur M. Greenbaum and Tod S. Chasin on the brief).
The opinion of the court was delivered by ANTELL, P.J.A.D.
On August 15, 1986 plaintiffs entered into a contract prepared by a real estate broker for the purchase of residential property owned by defendants. Jill Slattery, Esq., an attorney at law, signed the contract for defendants pursuant to a power of attorney executed July 21, 1986. It appointed her to "act as ... Agent (called an attorney in fact) to do each and every act which [they] could personally do ... with respect to signing of any and all documents pertaining to the sale of" the premises in question. Slattery then submitted the contract for review to a *275 second attorney, Sanford Silverman, Esq., who registered his written disapproval thereof on August 18, 1986, within three days after the contract was signed. Defendants thereafter agreed to sell the property to another party at a higher price.
The following notice appears at the top of the first page of the contract signed by the parties hereto:
This is a legally binding contract that will become final within three business days. During this period you may choose to consult an attorney who can review and cancel the contract. See section on attorney review for details.
The section on attorney review is contained in Paragraph 19 and reads as follows:
ATTORNEY REVIEW
1. Study by attorney
The Buyer or the Seller may choose to have an attorney study this contract. If an attorney is consulted, the attorney must complete his or her review of the contract within a three day period. This contract will be legally binding at the end of this three day period unless an attorney for the Buyer or the Seller reviews and disapproves of the contract.
On August 22, 1986 plaintiffs filed this complaint for specific performance of the contract and their notice of lis pendens. The Chancery Division granted defendants' motion for summary judgment after oral argument on September 4, 1986. Plaintiffs appeal.
In challenging the order under review plaintiffs argue that the Chancery Division erred in its interpretation of the attorney review clause. They argue that execution of the contract on behalf of the sellers by an attorney constitutes "approval" thereof by the attorney, or at least raises a fact question thereof, and that later disapproval by another attorney, even though within the prescribed three day period, does not prevent formation of an enforceable contract. Supported by the New Jersey Association of Realtors, which has filed a brief amicus curiae, they contend that the Chancery Division's interpretation encourages abuse of the provision by allowing sellers, as happened here, to use a contract signed in good faith by a prospective buyer to obtain a better selling price from another. They further contend that the interpretation under review *276 defeats the essential purpose of consumer protection for which the clause was designed and that it tends to disrupt the formation of broker-prepared contracts by needlessly protracting the period within which an enforceable contract may come into existence.
Defendants reply that to accept plaintiffs' advocated interpretation would effectually deprive any buyer or seller on whose behalf a contract is signed by an attorney/agent of the protection expressly provided by the clause. It would also appear that under plaintiffs' interpretation the three day review would not be available to any licensed attorney who signs such a contract on his own behalf. Moreover, it would provoke an endless flow of litigation requiring courts to resolve fact questions as to whether by signing on behalf of his or her principal an attorney/agent signifies approval of the contract so as to bar later disapproval within the meaning of the attorney review clause.
However these provocative policy considerations should be balanced, the governing language of the contract leaves no doubt as to its meaning. Where the terms of a contract are clear and unambiguous there is no room for interpretation or construction and we must enforce those terms as written. Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43 (1960). We have no right "to rewrite the contract merely because one might conclude that it might well have been functionally desirable to draft it differently." Brick Tp. Mun. Util. Auth. v. Diversified R.B. & T., 171 N.J. Super. 397, 402 (App.Div. 1979). The contract states that it will be legally binding within three days "unless an attorney for the Buyer or the Seller reviews and disapproves of the contract." Setting aside the question as to whether the signature of an agent who happens to be an attorney evidences his professional approval of the contract, it is notable that the contract does not provide that it becomes enforceable once such approval is given. This could have been provided for, but was not. Instead, it was *277 agreed that the contract would become binding at the end of three days "unless" disapproved within that time. This means that if attorney disapproval is registered within three days there can be no contract, regardless of prior approvals.
The clause in question is the product of a court approved settlement in N.J. State Bar Ass'n v. N.J. Realtor Bds. Ass'n., 186 N.J. Super. 391 (Ch.Div. 1982), mod. 93 N.J. 470 (1983), suppl'd, 94 N.J. 449 (1983). Its purpose is to protect parties against being bound by broker-prepared contracts without the opportunity to obtain adequate protection of their separate interests. As the Chancery Division observed, the attorneys for both parties "in explaining the meaning of the attorney review clause, represented that it should be given a broad construction enabling an attorney to disapprove a contract or lease for any reason or reasons which would not be subject to review." Id. at 395.
In Zapanta v. Isoldi, 212 N.J. Super. 678, 693 (Ch.Div. 1986) the Chancery Division appears to have held that attorney approval of a residential real estate contract having the same attorney review provision as here precludes later nullification of the contract even though written disapproval is registered within the three day period. We first observe that this determination is dictum only, not being necessary to the decision of that case since the court there found that, in any event, the attorney's disapproval was registered after the three day interval. Moreover, to the extent that the rationale there expressed is in conflict herewith it is overruled.
In Trenta v. Gay, 191 N.J. Super. 617 (Ch.Div. 1983), under circumstances similar to these, the rebuffed purchasers argued that the purpose of the attorney review clause was to permit consultation on technical terms and details and not to create an interval to accommodate a rethinking of the entire transaction or for the receipt of a better offer. We approve the treatment this argument was accorded by Judge Cohen in the following language:

*278 Attorneys offer advice on a limitless range of matters. Clients rely on them not only for legal advice but also for emotional support, financial guidance and common sense. They do not often come to their attorneys with their deals all made, save only the limited contributions of the scrivener. For those reasons, there is nothing surprising about a contract provision that effectively creates a timeout period for discussion and advice from a trusted counsellor. That advice can be on details or on price and, to be effective, has to be uncontrolled. Plaintiffs fear price was the problem here and believe they were simply outbid by a latecoming buyer. That may be so. If it is, it is a possibility contemplated and legitimated by the attorney review clause. [Id. at 621-622].
We emphasize that our determination is limited to the facts recited. We express no opinion as to the effect of an independent agreement by the parties, with or without the advice of counsel, to be bound by the contract within the three day period. That question is not presented.
Affirmed.