233 N.J. Super. 547 (1989)
559 A.2d 478
ANTHONY CARMAGNOLA AND THERESA CARMAGNOLA, PLAINTIFFS, AND NEW JERSEY REAL ESTATE COMMISSION, PLAINTIFF-INTERVENOR AND APPELLANT,
v.
RUSSELL J. HANN AND SANDRA HANN, DEFENDANTS-THIRD-PARTY PLAINTIFFS AND RESPONDENTS,
v.
HENRY D'ALLESANDRO, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued April 24, 1989.
Decided June 12, 1989.
*548 Before Judges COLEMAN and D'ANNUNZIO.
Sarah T. Darrow, Deputy Attorney General, argued the cause for appellant New Jersey Real Estate Commission (Peter N. Perretti, Jr., Attorney General; Mary C. Jacobson, Deputy Attorney General, of counsel; Sarah T. Darrow, on the brief).
Michael A. Casale argued the cause for respondents (Michael A. Casale, on the brief).
Hogan and Palace filed a brief on behalf of amicus curiae Northwest Bergen Bd. of Realtors, Inc.
The opinion of the court was delivered by D'ANNUNZIO, J.A.D.
At issue is the validity of a regulation adopted by the New Jersey Real Estate Commission (Commission) requiring all licensee-prepared contracts subject to attorney review to contain an "Agreement to Honor" (ATH). The ATH purports to prohibit the seller of real property from showing the property or considering other offers during the three day attorney review period. The ATH also prohibits the buyer from submitting offers on other properties during the review period.
Pursuant to leave granted, the Commission, plaintiff-intervenor, appeals the grant of summary judgment in favor of defendants, Russell and Sandra Hann (Hann). The material facts are not in dispute. Hann and plaintiffs, Anthony and Theresa Carmagnola (Carmagnola), executed a contract for the sale of Hann's residence. The contract was on a realtor's form and contained the attorney review clause approved by our Supreme Court in New Jersey State Bar Ass'n v. New Jersey Ass'n of Realtor Bds., 93 N.J. 470 (1983), mod., *549 94 N.J. 449 (1983). During the three day attorney review period the Hanns continued to show their residence, accepted a higher offer and, through their attorney, rejected the Carmagnola contract. Carmagnola commenced this action for specific performance.[1]
The issue has its genesis in an action commenced by the New Jersey State Bar Association for injunctive relief and a declaratory judgment that the preparation of form contracts for the sale of real property by realtors[2] constitutes the unauthorized practice of law. The Bar Association's action was settled by the entry of a consent judgment, subject to approval by the New Jersey Supreme Court. New Jersey State Bar Ass'n v. New Jersey Realty Bds. Ass'n, 186 N.J. Super. 391 (Ch.Div. 1982).
The Supreme Court approved the consent judgment with some modifications in New Jersey State Bar Ass'n v. New Jersey Ass'n of Realtor Bds., supra. The final judgment authorizes realtors licensed by the Commission to prepare contracts for the sale of certain residential real estate but requires every contract to contain the following language at the top of the first page:
THIS IS A LEGALLY BINDING CONTRACT THAT WILL BECOME FINAL WITHIN THREE BUSINESS DAYS. DURING THIS PERIOD YOU MAY CHOOSE TO CONSULT AN ATTORNEY WHO CAN REVIEW AND CANCEL THE CONTRACT. SEE SECTION ON ATTORNEY REVIEW FOR DETAILS.
The contract must contain language establishing a three day attorney review period and authorizing an attorney for the buyer or the seller to review and disapprove the contract.
In Levison v. Weintraub, 215 N.J. Super. 273 (App. Div. 1987), certif. den., 107 N.J. 650 (1987), we held that there was no *550 enforceable contract because the sellers' attorney's disapproval occurred within the three day review period though another attorney had executed the contract on behalf of the sellers as their attorney-in-fact. In Levison, we also approved the Chancery Division's ruling in Trenta v. Gay, 191 N.J. Super. 617 (Ch.Div. 1983), that the attorney review clause permits either party's attorney to reject a contract within three days for any reason and without a duty to explain the disapproval.
Thus, the attorney review clause renders enforceability of realtor-drawn contracts illusory, at least during the three day review period. Consequently, though they had signed realtor contracts, sellers and buyers were free to make other deals during the review period. The Commission perceived this freedom to be unacceptable and responded with the Agreement to Honor adopted as N.J.A.C. 11:5-1.16(h). The regulation provides:
(h) All licensee-prepared contracts and leases which, pursuant to (g) above are required to contain an Attorney Review provision as set forth therein, shall contain in the paragraph which numerically next follows the paragraph containing the Attorney Review provision, or in a Rider to which reference is made in the paragraph which immediately follows the Attorney Review provision, the following language, which shall be modified for leases in accordance with (h)1 below:
AGREEMENT TO HONOR
It is hereby agreed and understood by both buyer and seller that:
1. The seller agrees not to permit showings of the property and not to consider any other offers to purchase this property during the three day attorney review period, and any extension of time for attorney review that is agreed to by the parties or their attorneys.
If during the attorney review period either party's attorney disapproves this agreement by filing a Notice of Disapproval as described in the contract, the property will again be offered for sale and any deposit monies previously paid will be returned to the buyer immediately.
2. The seller directs their broker and all sub-agents not to show this property to other prospective purchasers and not to present additional offers to purchase the subject property to the seller or their attorney during the attorney review *551 period of this contract and any extension of time for attorney review that is agreed to by the parties or their attorneys.
The seller further directs their broker to disclose these provisions of this contract to other brokers or their representatives.
3. The buyer agrees that during the three day attorney review period and any agreed upon extension to it, the buyer shall not make any offers on other properties if their intended use by the buyer is identical to the buyer's intended use for this property.
4. Both parties affirm and agree that if at the end of the attorney review period neither attorney has disapproved this contract, this contract will become final, subject only to the contingencies, if any, specified elsewhere in the contract.
5. An An [sic] administrative rule of the New Jersey Real Estate Commission requires the initial version of contracts such as this to contain this "Agreement to Honor" provision. HOWEVER, THE BUYER AND SELLER ARE FREE TO NEGOTIATE ON WHETHER OR NOT THIS PROVISION OR ANY REVISED VERSION OF IT WILL BE CONTAINED IN THE FINAL VERSION OF ANY CONTRACT WHICH THEY MAY ENTER INTO.
This Agreement to Honor, without paragraph 5, was included in the realtor-prepared contract presented to and signed by Hann and Carmagnola. We ascribe no significance to the omission of paragraph 5 in our resolution of the issue before us.
In entering summary judgment for the sellers the Chancery Division judge ruled that since a contract subject to attorney review becomes binding only after the three day review period "then the only determination this court can make is that the agreement to honor unduly restricts both the seller and the buyer... during the attorney review period, contrary to both the settlement approved by the Supreme Court and the spirit and intent thereof and contrary to the holdings in Trenta and Levison."
We now affirm. The Bar Association litigation implicated our Supreme Court's constitutional authority to regulate the practice of law. N.J. Const. (1947), Art. VI, § II, par. 3; N.J. State Bar Ass'n, supra, 93 N.J. at 472. The Commission's regulation requires realtors to include the ATH in realtor-prepared contracts that are subject to the attorney review clause. *552 In doing so, the Commission violates the Court approved consent judgment and intrudes on our Supreme Court's constitutional power. See State v. Bander, 56 N.J. 196 (1970) (Legislature does not have the power to authorize realtors to practice law). The consent judgment enjoins realtors from "drafting, filling in blanks or preparing contracts for the sale of residential real estate" except as set forth in paragraphs one, two and three of the judgment (the attorney review provisions), and further provides that "[t]he drafting or preparation of any sales contracts for residential real estate ... except as provided herein shall constitute the unauthorized practice of law." Id. 93 N.J. at 481.
The ATH collides with the underlying purpose of the consent judgment which "is to protect parties against being bound by broker-prepared contracts without the opportunity to obtain adequate protection of their separate interests." Levison, supra, 215 N.J. Super. at 277. The ATH purports to bind the parties before they have had an opportunity to review the contract with counsel. In addition to being inconsistent with the judgment's rationale, the ATH also contravenes paragraph five of the judgment which provides in part that the right of attorney review shall not be waived, disclaimed, relinquished or abridged, and real estate brokers and salesmen ... are permanently enjoined and restrained from preparing or assisting in any manner in the preparation of any written instrument, the intended effect of which would be to waive, disclaim, relinquish or abridge" the right of attorney review. N.J. State Bar Ass'n, supra, 93 N.J. at 481.
Affirmed.[3]
NOTES
[1] Carmagnola has not participated in this appeal.
[2] We use the term realtor to include licensed brokers and salespersons.
[3] We have not considered the wisdom or enforceability of the ATH in deciding this case. However, we note that the plenary power of either party's attorney to cancel a contract renders problematic enforcement of the ATH. Arguably, no damage can flow to an aggrieved party from violation of the ATH if timely disapproval by an attorney abrogates the underlying contract.