248 N.J. Super. 91 (1991)
590 A.2d 255
ROBERT A. KARGEN AND RENEE A. KARGEN, H/W, AND FRANCES G. FORWOOD AND CAROLYN FORWOOD, H/W, PLAINTIFFS,
v.
H. BRAD KERR AND SARAH JANE KERR, H/W, AND STEPHEN R. SIGNORE, JR., DEFENDANTS.
Superior Court of New Jersey, Chancery Division Cape May County.
Decided January 24, 1991.
*92 Harold G. Cohen for plaintiffs (Lesser & Kaplin, attorneys).
*93 William J. Bryers for defendants (Bryers & Bryers, attorneys).
CALLINAN, J.S.C.
The question presented by this case is the effect of the failure of a realtor to include the address of a buyer in a contract for sale of realty, given sellers attempted rescission based on attorney review, wherein buyer is not given proper notice. The holding here is that seller is excused from strict compliance and rescission is allowed.
This matter comes before the court on cross-motions for summary judgment. At the time of oral argument on the motions for summary judgment, both attorneys asked the court to decide this matter without further proofs. If any issues of fact had to be decided, the court was requested to decide them based upon submissions. Not only do the parties contend that time is of the essence in arriving at a disposition of this case, but the parties also indicate that there is nothing in the way of proofs that they could add.
I have examined the submissions in this case. The facts are straightforward. Plaintiffs, Robert A. Kargen, Renee A. Kargen, Frances G. Forwood and Carolyn Forwood, are residents of Wallingford, Pennsylvania. Defendants, H. Brad Kerr and Sarah J. Kerr, reside in Blue Bell, Pennsylvania. Defendants were, and continue to be, the owners of a single-family home located at 101-34th Street, Avalon, New Jersey. That home in years past was used as the Kerrs' summer residence. In 1990, the Kerrs listed their Avalon home for sale with the Leahy Realty Organization.
On November 25, 1990, the Kerrs entered into a contract for the sale of real estate with plaintiffs whereby the Kerrs agreed to sell the property, including its contents, to plaintiffs for the sum of $475,000. The contract was prepared by J. Richard Ogen, real estate salesman for Avalon Real Estate Agency, a member of the Cape May County Multiple Listing Service. *94 After executing the agreement, sellers delivered it to buyers for signature. Plaintiffs executed the contract on November 25, 1990. The fully executed contract was then sent by Federal Express to defendants on November 26, 1990 and received by them on November 27, 1990.
Paragraph 32 of the contract provided for attorney review. It states as follows:
1. Study by Attorney
The Buyer or the Seller may choose to have an attorney study this contract. If an attorney is consulted, the attorney must complete his or her review of the contract within a three day period. This contract will be legally binding at the end of this three day period unless an attorney for the Buyer or the Seller reviews and disapproves of the contract.
2. Counting the Time
You count the three days from the date of delivery of the signed contract to the Buyer and the Seller. You do not count Saturdays, Sundays, or legal holidays. The Buyer and the Seller may agree in writing to extend the three day period for attorney review.
3. Notice of Disapproval
If an attorney for the Buyer or the Seller reviews and disapproves of this contract, the attorney must notify the BROKER(S) and the other party named in this contract within the three day period. Otherwise this contract will be legally binding as written. The attorney must send the notice of disapproval to the BROKER(S) by certified mail, by telegram, or by delivering it personally. The telegram or certified letter will be effective upon sending. The personal delivery will be effective upon delivery to the BROKER(S) office. The attorney may also, but need not, inform the BROKER(S) of any suggested revision(s) in the contract that would make it satisfactory.
On November 29, 1990, defendants' attorney, Stephen R. Signore, Jr., transmitted by telecopier and UPS his letter of even date to John A. Binder of the Leahy Realty Organization (the listing broker) stating that, as attorney for the sellers, he found the contract to be unacceptable. Signore further stated in that communication that he required all executed copies to be returned to him for cancellation.
Plaintiffs state that they were not notified in writing within the three-day period. They contend that the notice given to the broker representing defendants did not constitute notice to them as required under the law. Plaintiffs concede that the contract did not contain the addresses of either party to the *95 contract, but point to the undisputed fact that the realtor, J. Richard Ogen of Avalon Real Estate Agency, did have the buyers' home address and telephone number in his possession. It is further uncontroverted that no one asked Ogen for that information, which information Ogen certifies would have been provided upon request.
Plaintiffs contend that once November 29, 1990 passed without their having received notice of rescission, the contract became legally binding and plaintiffs were entitled to performance. Denesevich v. Moran, 211 N.J. Super. 554, 512 A.2d 505 (App.Div. 1986) stands for the proposition that absent strict compliance with terms of the three-day attorney review clause, the contract will be enforced as written.
The decision of N.J. State Bar Ass'n v. N.J. Realtor Bds. Ass'n., 186 N.J. Super. 391, 452 A.2d 1323 (Ch.Div. 1982), mod. 93 N.J. 470, 461 A.2d 1112, mod. 94 N.J. 449, 467 A.2d 577, carved a narrow exception to the general prohibition against realtors drafting contracts for the sale or lease of real property. That case provided that realtors could prepare agreements for the sale or lease of residential property containing one-to-four units providing such agreements were subject to an effective attorney review clause. If realtors failed to so limit their contract drafting activities or if they violated the requirements outlined in the case and codified in the Administrative Code they would be deemed to be engaged in the unlawful practice of law.
The date of delivery of the signed contract to the seller occurred on November 27, 1990. Although the Kerr's had executed the document on November 23, 1990 and although it was returned to them unchanged and fully executed, this court is satisfied that the time for attorney review began to run on November 27, 1990.
There is disagreement over the counting of the three-day period. Plaintiffs state that the three-day period begins by counting the date of delivery. This would mean that the three *96 days allotted by the contract for review expired on November 29, 1990. This court is of the opinion that the date of the act or event from which the designated period begins to run is not to be included.
The language of the agreement which specifically excludes the counting of Sundays or holidays seems to track the traditional method of counting days for the performance of an act followed by the courts of this State and which is embodied in R.1:3-1. According to R.1:3-1: "The date of the act or event from which the designated period begins to run is not to be included." The holding here is that the three-day period ended on November 30, 1990. If, in fact, notice were given as provided in the agreement of sale by defendants on November 30, 1990, then defendants would have acted within the required time.
Even that interpretation of the time period which favors defendants, does not operate to bring the sellers into compliance. The mere notice by defendants to their own broker and not to buyers does not satisfy the requirement of the rule; nor can defendants, in order to discharge themselves of the obligation of performance, rely upon their selling broker to properly notify the buyers. Plaintiffs submit that a phone call to Ogen would have accomplished the necessary result of obtaining the address of the buyers. Further, plaintiffs argue that the failure to place the names of the buyers on the agreement for sale must be a responsibility of the sellers. Ogen has certified that he was the broker who prepared the agreement. In preparing such an agreement, the agent acts for the sellers. Farrell v. Janik, 225 N.J. Super. 282, 542 A.2d 59 (Law Div. 1988). There is no indication of fraud or misconduct on the part of the buyers in this matter. Simply stated, the buyers accuse plaintiffs of backing out of the deal for a better price. They are probably correct. This brings us to the issue of the effect of the realtor's failure to include the names and addresses of the parties to the transaction in the agreement of sale.
*97 It has been represented to this court that the failure to include the addresses of parties to an agreement of sale of real property is not a unique event  that realtors regularly tend to protect the identity of their buyers and sellers from other brokers and parties. That may be so, but the administrative rules clearly provide that such information should be provided on a contract for sale of real property. N.J.A.C. 11:5-1.16(g)3 states:
3. The contract shall also contain the names and full addresses of all persons to whom a Notice of Disapproval must be sent in order to be effective as provided in item three of the Attorney Review Provision. [Emphasis supplied]
The language of the above section is arguably ambiguous. One interpretation is that any contract drawn by a real estate salesperson, which does not follow the mandate of the law and include an "effective" attorney review clause, is void or voidable. Another interpretation is that the language is directed at the conduct of the realtor so that if such information or attorney review clause is not included then the realtor is guilty of practicing law in contravention of statute. The agreement, nonetheless, would be evaluated and enforced as any other contract.
Rules and regulations adopted by administrative authorities pursuant to the power delegated to them by the Legislature have the full force and effect of law. Cammarata v. Essex Cty. Park Comm., 46 N.J. Super. 262, 134 A.2d 604 (App.Div. 1957); State v. Atlantic City Elec. Co., 23 N.J. 259, 128 A.2d 861 (1957).
"Courts may freely refer to legislative history and contemporaneous construction for whatever aid they may furnish in ascertaining the true intent of the legislation." N.J. Pharmaceutical Ass'n. v. Furman, 33 N.J. 121, 130, 162 A.2d 839 (1960); Central Towers Co. v. Fort Lee Bor., 160 N.J. Super. 546, 390 A.2d 677 (Law Div. 1978).
The summary of public comments and agency response filed with the legislation declares:

*98 COMMENT: The Real Estate Commission received comments from three persons, all of whom suggested that the proposal be amended to require licensees to include the names and addresses of all persons to whom a Notice of Disapproval is required to be sent in order to be effective, pursuant to the language of item three in the Attorney Review Clause. These individuals indicated that the absence of such information made it difficult for attorneys who wished to issue Notices of Disapproval to effectively do so within the normal three day attorney review period. They suggested that by adding a requirement that such information be included in such contracts or leases, the difficulties attorneys encounter in attempting to ascertain this information while operating within severe time constraints could be eliminated.
RESPONSE: The Commission recognized the logic of the suggestion made by these commentors and of the rationale which underlies that suggestion. Accordingly, the Commission determined to amend the proposal by including a directive that licensees include the names and addresses of the persons to whom a Notice of Disapproval is to be sent in all contracts or leases which they prepare and which are required to include an Attorney Review provision.
In addition, the subsection paragraphs have been properly codified. The amendment to N.J.A.C. 11:5-1.16(h) and 1.23(d) in the original proposal were considered and rejected for adoption by the Commission. A new proposal for N.J.A.C. 11:5-1.16(h), which would negate any need to amend N.J.A.C. 11:5-1.23(d) appears in this issue of the New Jersey Register.
A fair reading of the seminal case of N.J. State Bar Ass'n. v. N.J. Realtor Bds. Ass'n., supra, and the legislative history of N.J.A.C. 11:5-1.16(g)3 leads this court to conclude that the inclusion of the names and addresses of the contracting parties is a sine qua non for all contracts encompassed by the code regulations.
It is also the finding of this court that defendants' attempt to notify plaintiffs of the rescission of the contract within the three-day review period and in accordance with the terms of the attorney review clause provision set forth clearly in the contract was thwarted by the failure of the contract to contain the required addresses. The fact that the sale was through a multiple-listing arrangement is not distinguishing. It makes no difference that the agreement was drawn by a broker who had been initially contacted by buyers. That broker like any broker is driven by a desire to earn a selling commission. Although technically acting on behalf of the seller, he may not, by his negligence or misconduct, frustrate the seller from obtaining appropriate legal guidance either before or after execution of a *99 contract for sale of real estate. Nor can defendants be said to have implicitly waived their right to attorney review by their conduct or the conduct of their agent, the realtor. Waiver is "the intentional relinquishment of a known right." East Orange v. The Board of Water Commissioners, etc., 41 N.J. 6, 17, 194 A.2d 459 (1963). The facts clearly indicate that there was no such intentional waiver.
This court is not required to construe the legislation beyond the reach of the facts of this case. The decision here is simply this: A party who executes an agreement to sell their property and delivers that agreement to the purchasing party must, if they elect to rescind in reliance upon an attorney review clause, follow the notice requirements explicitly. In this case, defendants did not. The contract drawn by the realtor, however, is in contravention of N.J.A.C. 11:5-1.16(g)3 and is thus ineffective to bind any party who exerts a good faith effort to rescind under attorney review timelines. The question of whether the contract is enforceable at all as being in violation of law or the product of the unlawful practice of law is left for another day.
Judgment for defendants.
Counsel for defendants is directed to supply an appropriate form of order.