827 A.2d 341

GORDON DEVELOPMENT GROUP, INC., A PENNSYLVANIA CORPORATION, PLAINTIFF–APPELLANT, v. PETER BRADLEY, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 6, 2003—Decided July 18, 2003.

Before Judges A.A. RODRÍGUEZ, WELLS and PAYNE.

*Steven D. Scherzer* argued the cause for appellant (*Cooper, Perskie, April, Niedelman, Wagenheim & Levenson,* attorneys; *Michael Gross,* on the brief).

*Mary J. Maudsley* argued the cause for respondent (*April, Maudsley & Goloff,* attorneys; *Ms. Maudsley,* on the brief).

*Barry S. Goodman* argued the cause for amicus curiae New Jersey Association of Realtors® (*Greenbaum, Rowe, Smith, Davis & Himmel,* attorneys; *Mr. Goodman,* on the brief).

The opinion of the court was delivered by

## RODRÍGUEZ, A.A., J.A.D.

In this appeal, we hold that in a transaction involving the sale or lease of real estate, where the proposed contract has been prepared by a real estate broker, the three-day attorney review period mandated by caselaw and regulation,[1] commences to run on the day after the delivery of a fully-executed contract to the buyer and the seller. Moreover, there is one period of attorney review for both buyer and seller.

### I

The facts are not disputed. Gordon Development Group, Inc. (buyer), agreed to purchase real property, located in Lower Township, from Peter Bradley (seller). The buyer sent the seller a signed, proposed contract, which had been prepared by a real estate broker. The contract contained the standard attorney review clause.[2] Seller signed the contract on September 26, 2000. The contract was delivered to the buyer through the parties' respective real estate agents on Thursday, September 28, 2000. The following Monday, October 2, 2000, the seller's attorney delivered a letter to the buyer disapproving the contract.

The buyer considered the cancellation untimely and filed this action for specific performance. The seller answered the complaint and moved for summary judgment. In opposition to sum-

---

[1] *See New Jersey State Bar Ass'n v. New Jersey Ass'n of Realtor Bds.,* 93 *N.J.* 470, 461 A.2d 1112, *modified,* 94 *N.J.* 449, 467 A.2d 577 (1983); *N.J.A.C.* 11:5–6.2(g)1 and 2.

[2] The language of the attorney review clause is set forth verbatim in the discussion that follows.

mary judgment, the buyer argued that the contract provided for two independent periods of review, one for the buyer and one for the seller. Buyer also argued that "the seller's period of attorney review" commenced on September 26, the day the contract was signed by the seller. Buyer asserts that on that day, the seller had a fully-executed contract in his possession that had been delivered to him.

In support of his motion, the seller took the position that pursuant to governing case law, regulations, and the contract's terms, there is one attorney review period, and that here the period began to run when the fully executed contract was delivered to the buyer.

Judge John F. Callinan decided the motion. He found that the seller had three days after September 28, 2002, the date of delivery of the fully-executed contract, to disapprove it pursuant to the attorney review clause. Thus, the seller's disapproval of the contract was timely. The judge granted the seller's motion for summary judgment. Given this finding, the judge found it unnecessary to decide the "independent periods" argument.

On appeal, the buyer contends that the judge erred:

because independent attorney review periods for buyer and seller are not only permitted by governing case law and regulations, [but] they better implement the policies underlying review periods and make the transfer of residential real estate more efficient and certain.

The New Jersey Association of Realtors® (Association) was granted leave to argue as amicus curiae. The Association, along with the seller, argues that there is a single three-day period. We agree with this latter argument.

## II

The genesis of the attorney review clause in New Jersey was the settlement of a lawsuit between the New Jersey State Bar Association and the New Jersey Association of Realtor Boards. The lawsuit was brought to resolve the extent to which real estate brokers could be involved in drafting contracts for the sale or

lease of real estate without engaging in the practice of law. In *State Bar Ass'n*, the Supreme Court exercised its constitutional responsibility over the practice of law and approved the settlement with modifications. *State Bar Ass'n, supra*, 93 *N.J.* at 471–77, 461 *A.*2d 1112. The Court adopted that provision of the settlement which permitted real estate brokers "to prepare contracts for the sale of residential real estate containing one-to-four dwelling units and for the sale of vacant one-family lots" provided that the broker-prepared contract contained certain language at the top of the first page and in the body. *Id.* at 475, 461 *A.*2d 1112. Subsequently, the Supreme Court allowed minor variations to the language, not relevant to the present dispute, in a supplementary order.[3]

Following the *State Bar Ass'n* decision, the New Jersey Real Estate Commission adopted *N.J.A.C.* 11:5–6.2(g)1 and 2, which require its licensees to comply with the consent order. This regulation specifies that the same language set forth in *State Bar Ass'n*, must be included in all broker-prepared contracts. In addition, *N.J.A.C.* 11:5–6.2(a)4 requires that real estate brokers "immediately deliver to all parties any fully executed instrument a clear copy with original signatures of any such fully executed instrument."

Here, the contract contains the language mandated by *State Bar Ass'n* and *N.J.A.C.* 11:5–6.2(g)1 and 2. Specifically, at the top of the first page, it is written:

THIS IS A LEGALLY BINDING CONTRACT THAT WILL BECOME FINAL WITHIN THREE (3) BUSINESS DAYS. DURING THIS PERIOD YOU MAY CHOOSE TO CONSULT AN ATTORNEY WHO CAN REVIEW AND CANCEL. SEE SECTION ON ATTORNEY REVIEW FOR DETAILS.

In addition, Clause 31 of the contract provides:

ATTORNEY REVIEW:

1. Study by Attorney

---

[3] *New Jersey State Bar Ass'n v. New Jersey Ass'n of Realtor Bds.*, 94 *N.J.* 449, 467 *A.*2d 577 (1983).

The Buyer or the Seller may choose to have an attorney study this contract. If an attorney is consulted, the attorney must complete his or her review of the contract within a three (3) day period. This contract will be legally binding at the end of this three (3) day period unless an attorney for the Buyer or the Seller reviews and disapproves of the contract.

2. Counting the Time

You count the three days from the date of delivery of the signed contract to the Buyer and the Seller. You do not count Saturdays, Sundays, or legal holidays. The Buyer and the Seller may agree in writing to extend the three (3) days for attorney review.

3. Notice of Disapproval

If an attorney for the Buyer or the Seller reviews and disapproves of this contract, the attorney must notify the BROKER(S) and the other party named in this contract within the three day period. Otherwise, this contract will be legally binding as written. The attorney must send the notice of disapproval to the BROKER(S) by certified mail, by telegram or by delivering it personally. The telegram or certified letter will be effective upon sending. The personal delivery will be effective upon delivery to the BROKER(S) office. The attorney may also, but need not, inform the BROKER(S) of any suggested revision(s) in the contract that would make it satisfactory.

### III

The first issue is whether the period of review commences upon execution by the last party to sign the contract, or upon delivery of a fully-executed contract to all parties. It is well-settled that it is the latter situation. First, we quote from *State Bar Ass'n:* the three-day review period begins to run "from the date of delivery of the signed contract to the Buyer and the Seller." *State Bar Ass'n, supra,* 93 *N.J.* at 476, 461 *A.*2d 1112. Second, we look to the similar language in *N.J.A.C.* 11:5–6.2(g)2. Third, a number of other decisions have so held.

In *Peterson v. Estate of Pursell,* 339 *N.J.Super.* 268, 771 *A.*2d 666 (App.Div.2001), we considered the historical background of the attorney review clause. *Id.* at 274, 771 *A.*2d 666. We also noted the language of *N.J.A.C.* 11:5–6.2(g)2,[4] and reiterated that the

---

[4] Due to a proofreading error, the *Peterson* opinion misquoted the regulation. The opinion states that the attorney review period begins to run with the "delivery of the contract to the [b]uyer *or* [s]eller," *Peterson, supra,* 339 *N.J.Su-*

attorney review period begins to run from the date of delivery of the signed contract to the buyer and the seller. *Id.* at 274–77, 771 A.2d 666.

In *Kargen v. Kerr,* 248 *N.J.Super.* 91, 590 A.2d 255 (Ch.Div. 1991), Judge Callinan addressed the issue. He concluded that, in that case, the attorney review period was triggered when the fully-executed contract was signed by the buyers and delivered to the sellers. *Id.* at 95, 590 A.2d 255. The judge also ruled that pursuant to *R.* 1:3–1, the attorney review period begins to run the day after delivery. *Id.* at 96, 590 A.2d 255. The rule provides that "[i]n computing any period of time fixed by rule or court order, the day of the act or event from which the designated period begins to run is not to be included." *R.* 1:3–1; *see also Romano v. Chapman,* 358 *N.J.Super.* 48, 51 n. 3, 816 A.2d 1080 (App.Div.), *certif. denied,* 176 *N.J.* 431, 824 A.2d 159 (2003); *Peterson, supra,* 339 *N.J.Super.* at 276, 771 A.2d 666.

The buyer cites to *Peterson* to support the argument that the review period commences to run when the last party signs the contract, because at that point all signatories are in possession of a fully executed contract. We reject that argument. We also reject the notion that the *Peterson* opinion supports it. The buyer cites, out of context, the following sentence from *Peterson:* "[t]he attorney review period is to run from the date of delivery of a signed contract to *a* party." *Peterson, supra,* 339 *N.J.Super.* at 275, 771 A.2d 666 (emphasis added). That reference does not stand for the proposition that buyer urges. The issue in *Peterson* was whether a broker could be considered "a party" for the purpose of delivery of a real estate contract. We concluded that a broker's interest "'lay solely in negotiating a signed contract and obtaining a commission.'" *Id.* at 276, 771 A.2d 666 (quoting *Denesevich v. Moran,* 211 *N.J.Super.* 554, 557, 512 A.2d 505 (App.Div.1986)). Therefore, "[t]o clothe a broker with the attributes of a fiduciary

*per.* at 275, 771 A.2d 666, instead of "the Buyer *and* the Seller," *N.J.A.C.* 11:5–6.2(g)2. Here, the buyer's reliance on this error is obviously misplaced.

in this context so as to impute delivery to a party by reason of delivery to the broker is unrealistic." *Ibid.* Thus, we were addressing who could be a party for purposes of delivery, and not the commencement of the attorney review period. Indeed, as already noted, the *Peterson* opinion quoted the language in *State Bar Ass'n,* to reassert that the period of review runs from the date of *delivery* of a fully-executed contract to the buyer and the seller. *Id.* at 274, 771 *A.*2d 666.

In his reply brief, the buyer also argues that the Supreme Court has implicitly recognized that the attorney review period runs from the execution of the contract. In *Calvert v. K. Hovnanian at Galloway, VI, Inc.,* 128 *N.J.* 37, 607 *A.*2d 156 (1992), the Court determined whether a real estate contract was void for not containing an attorney review clause although it contained a seven-day cancellation clause mandated by the Planned Real Estate Development Full Disclosure Act (PREDFDA), *N.J.S.A.* 45:22A–21 to –56. After reviewing the history of the attorney review clause, the Court made the following observation:

> The Bar Association and the Association of Realtors finally agreed to a settlement that permitted licensed realtors receiving commissions for the sale of residential real estate to prepare the contracts for those sales provided that each contract contain a clause making the contract subject to review by an attorney for the buyer or seller at either party's option *within three business days after execution.* [*Id.* at 44, 607 *A.*2d 156 (emphasis added).]

Based on this quote, the buyer argues that the Supreme Court held that the execution of a broker-prepared contract marks the beginning of the attorney review period.

This argument does not find support in *Calvert.* The Court reviewed the history of the attorney review clause in order to explain its purpose. *Id.* at 49, 607 *A.*2d 156. The attorney review clause was then compared and contrasted with the mandatory buyer's cooling-off period under PREDFDA. *Ibid.* The Court's focus was on the fact that the attorney review clause's purpose was to advise the parties that they have a right to have an attorney review a broker-prepared contract. *Ibid.* The Court was not addressing the mechanics of the triggering of the attorney

review period. That was not an issue in the case. The language quoted by the buyer is merely a shorthand description of the attorney review rationale.

Accordingly, we conclude that the attorney review period begins to run when a fully-executed contract is delivered to the buyer and the seller. This is consistent with the holdings in *State Bar Ass'n, Peterson, Kargen,* and other authorities, as well as the relevant regulation. *State Bar Ass'n, supra,* 93 *N.J.* at 476, 461 *A.*2d 1112; *Peterson, supra,* 339 *N.J.Super.* at 273–76, 771 *A.*2d 666; *Kargen,* 248 *N.J.Super.* at 95, 590 *A.*2d 255; *N.J.A.C.* 11:5–6.2(g)2.

## IV

The second issue is whether there are two independent periods of review, one for the seller and one for the buyer. Buyer contends that two periods do exist. We reject this contention. We are not aware of any authority that supports this argument. The *State Bar Ass'n* settlement established one period of review. The *State Bar Ass'n* decision, subsequent cases, *N.J.A.C.* 11:5–6.2(g)2, and the contract here, expressly state this. More importantly, the argument is conceptually flawed. The attorney review clause is triggered when the contract comes into existence. The clause is nothing more than a provision that allows for cancellation of the contract for a limited period of time under certain conditions. In *Carmagnola v. Hann,* 233 *N.J.Super.* 547, 559 *A.*2d 478 (App.Div.1989), we noted that although the buyer and seller have entered into a binding contract, they are "free to make other deals during the review period." *Id.* at 550, 559 *A.*2d 478. The contract can be disapproved by either party within three days "for any reason and without any duty to explain the disapproval." *Ibid.*

However, the buyer's argument presumes that the attorney review period is a prerequisite to entering into a contract, and that the contract comes into existence only upon the expiration of independent periods of review. This would mean that the attorney review clause is meaningless because it is obsolete the moment the parties enter into a contract. This is contrary to the

language and intent of the *State Bar Ass'n* opinion, the regulation and the contract. It would allow one party to become irrevocably bound to the contract while giving the other party the unqualified right to disapprove it. This is also contrary to the principles of contract law. *See Weichert Co. Realtors v. Ryan,* 128 *N.J.* 427, 435, 608 *A.*2d 280 (1992) (noting that the acceptance of an offer is not effective until communicated and that a contract arises when "the performance to be rendered by each party can be ascertained with reasonable certainty"). Thus, dual review periods would be contrary to the reasoning behind the three day period for attorney review.

We also note that the Supreme Court in *Calvert* expressly considered the time for attorney review to consist of one period for sellers and buyers. In holding that, in certain transactions, the attorney review clause must be included in contracts with a PREDFDA cancellation clause, the Court stated that "during the first three days after execution either the buyer's or seller's attorney may cancel the contract; during the next four days, only the buyer may cancel." *Calvert, supra,* 128 *N.J.* at 50, 607 *A.*2d 156. Thus, in contracts governed by both PREDFDA and *State Bar Ass'n,* there is to be one seven day period for the buyer's review consisting of one three day period of attorney review for both parties.

In summary, the realtors, attorneys and the courts have fashioned a compromise for broker-prepared real estate contracts. The key to this compromise is one period for attorney review, which commences to run and expires at the same time for both parties. Our courts have consistently enforced this objective. There is no reason or authority to depart from it.

Affirmed.